UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SREYNUON LUNN,                    *
                                 *
              Petitioner,         *
                                 *
    v.                           *          Civil Action No. 17-10938-IT
                                 *
YOLANDA SMITH, et al.,           *
                                 *
              Respondent.         *

ORDER

July 11, 2017

TALWANI, D.J.

     Before the court is Yolanda Smith's Motion to Dismiss [#15] Sreynuon Lunn's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [#1] as moot. For the following reasons, the Motion is DENIED.

     On May 22, 2017, while in Immigration and Customs Enforcement's ("ICE") custody, Petitioner filed his petition challenging ICE's authority to detain him under 8 U.S.C. § 1231(a)(6) and asserting violations of his procedural and substantive due process rights under the Fifth Amendment. Petition [#1]. On May 25, 2017, Petitioner was released from ICE's custody; his release is presently supervised "with intensive criminal database monitoring and regular reporting to the ICE office." Piepiora Dec. [#23-1] ¶ 9. Respondent argues that Petitioner's release moots his petition and thereby divests this court of constitutional jurisdiction.

     A case is rendered moot if "the issues presented are no longer live," if "the parties lack a legally cognizable interest in the outcome," if "the court cannot give any effectual relief to the potentially prevailing party," or if "events have transpired to render a court opinion merely advisory." Am. Civil Liberties Union of Mass. v. United States Conference of Catholic Bishops,

705 F.3d 44, 52 (1st Cir. 2013) (internal citations and quotations omitted). In such instances, "Article III considerations require dismissal of the case." See id. (same omissions).

By these standards, Petitioner's case is not moot. Petitioner's claim is that Zadvydas v. Davis, 533 U.S. 678 (2001), forbids detention because his removal is not reasonably foreseeable. The government disagrees, citing or acknowledging regulations delineating its right to detain released aliens under a variety of circumstances. See 8 C.F.R. § 241.4(l)(2) ("Release may be revoked in the exercise of discretion when, in the opinion of the revoking official: (i) the purposes of release have been served; (ii) the alien violates any condition of release . . . ."); § 241.13(i) ("Any alien who has been released under an order of supervision under this section who violates any of the conditions of release may be returned to custody . . . .").[1] Petitioner responds that the regulations themselves are unconstitutional as applied here.

Thus, a live issue exists between the parties, and if Petitioner prevails on his claim, this court could issue a non-advisory injunction that would accord relief. Just as the petitioner's claim in Clark v. Martinez, 543 U.S. 371, 375 n.3 (2005), that Zadvydas barred his detention was not mooted by release because the government retained discretionary authority to detain him, so too is the case before this court not mooted by Petitioner's release. The Motion [#15] is accordingly

---

[1] Because Petitioner has been ordered removed (but cannot yet be deported), these two regulations—8 C.F.R. §§ 241.4, 241.13—potentially govern his re-detention. The record is not established as to which of these sections directly applies: § 241.4 generally governs custody determinations of aliens such as Petitioner; § 241.13, however, supersedes § 241.4 upon agency determination, after a request by a detained alien, that there is "no significant likelihood of removal in the reasonably foreseeable future." There is no evidence that any such determination has formally been made or requested. While Respondent's papers cite § 241.13 as the regulation governing how and when Petitioner might be removed, Petitioner's "Notice of Revocation of Release" states that "pursuant to 8 CFR 241.1 you are to remain in ICE custody at this time." Ex. D to Nemirow Dec. [#4]. At argument, Respondent could not confirm which of the two regulations govern Petitioner's potential re-detention.

DENIED.

Respondent shall file a response to the petition within two weeks of this order. Petitioner may file a reply within two weeks thereafter.

IT IS SO ORDERED.

July 11, 2017                                      /s/ Indira Talwani
                                                   United States District Judge