EXHIBIT 5

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                        )
SREYNUON LUNN,                          )
                                        )
        Petitioner,                     )
                                        )        C.A. No. 17-10938-IT
        v.                              )
                                        )
YOLANDA SMITH, Superintendent of Suffolk )
County House of Correction,             )
                                        )
        Respondent.                     )
_____)

**MEMORANDUM OF LAW IN SUPPORT OF**
**<u>MOTION TO DISMISS FOR MOOTNESS</u>**

**<u>FACTS</u>**

In his Petition, Sreynuon Lunn ("Lunn"), alleges that he has been in the custody of U.S.

Immigration and Customs Enforcement ("ICE") since February 6, 2017, pursuant to a final order

of removal that was issued on June 25, 2008.  *See* Petition ("Pet."), ECF No. 1, ¶¶ 2, 16.  Lunn

challenges his continued detention under *Zadvydas v. Davis*, 533 U.S. 670 (2001)[1]; however,

because Lunn was released from ICE custody on May 25, 2017, *see* Declaration of Jennifer

McGrath-Boyle ("McGrath-Boyle Decl.") attached hereto as *Exhibit A*, ¶ 4, Lunn has been

provided the relief he seeks in his petition (i.e., release from Respondent's custody).

Accordingly, this case should be dismissed for lack of subject matter jurisdiction as moot.[2]

---

[1] In *Zadvydas*, the U.S. Supreme Court recognized six months as a presumptively reasonable period of time for an alien subject to a final order of removal to be held pending removal.  533 U.S. at 701.

[2] To the extent Lunn also asks this Court to enjoin respondents from re-detaining him without first establishing that his removal has become reasonably foreseeable, Pet. ¶ 40c, this Court lacks jurisdiction to entertain injunctive relief that is beyond the scope of the Court's habeas jurisdiction.  *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 489 (1973) (habeas corpus is the appropriate federal remedy for a prisoner to challenge "the very fact or duration of his

## ARGUMENT

I.    PETITIONER HAS BEEN RELEASED FROM RESPONDENT'S CUSTODY AND
      THEREFORE THE CASE SHOULD BE DISMISSED FOR MOOTNESS

Article III of the U.S. Constitution limits the judicial power of the United States to the

resolution of cases or controversies.  U.S. Const., Art. III, § 2.  In this regard, the Constitution

requires that an actual controversy must exist at all stages of review, not merely at the time the

complaint is filed.  *Steffel v. Thompson*, 415 U.S. 452, 459 n.10 (1974).  Once a case or

controversy is moot, a federal court no longer retains jurisdiction to adjudicate the merits of the

case.  U.S. Const. art. III, § 2 et seq.; *see also U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*,

513 U.S. 18, 21-22 (1994); *Ashcroft v. Mattis*, 431 U.S. 171, 172-73 (1977) (an action that has

become moot fails to present a justiciable case or controversy within the meaning of Article III);

*Overseas Military Sales Corp., Ltd. v. Giralt-Armada*, 503 F.3d 12, 17 (1st Cir. 2007) (under

mootness doctrine, when issues presented are no longer live, or when parties lack a cognizable

interest in the outcome, dismissal of the case is compulsory).  Thus, the question of mootness is a

federal one, which a federal court must resolve before it assumes jurisdiction. *DeFunis v.*

*Odegaard*, 416 U.S. 312, 316 (1974).

Here, Lunn filed a habeas petition seeking release from ICE custody pending his removal

to Cambodia. Pet. ¶ 40. On May 25, 2017, ICE released Lunn, providing him the very relief he

seeks in his petition.  *See* McGrath-Boyle Decl., § 4.  Because Lunn has received the relief he

---

confinement," and where "the relief he seeks is a determination that he is entitled to immediate release or a speedier
release from that imprisonment"). Such an injunction would essentially provide immunity to Petitioner for any
additional criminal or immigration violations. Moreover, the requested relief is not necessary; existing regulations
provide for revocation of release for purposes of removal and set out the procedures by which the alien is provided
notice and opportunity to contest the revocation. 8 C.F.R. § 241.13(i)(2) and (3).  The regulations provide that ICE
may revoke an alien's release if there are changed circumstances and ICE determines there is now a significant
likelihood of removal in the reasonably foreseeable future. 8 C.F.R. § 241.13(i)(2).  The alien is notified of the
revocation basis, is provided an opportunity to respond, and may submit evidence or information to show why he or
she believes that removal is not significantly likely in the reasonably foreseeable future. 8 C.F.R. § 241.13(i)(3).

seeks, there is no longer any case or controversy. Accordingly Lunn's release moots the Petition and, as reflected above, deprives this Court of jurisdiction.  *See* U.S. Const. Art. III; *see also U.S. Bancorp. Mortg. Co.,* 513 U.S. at 21-22 (since a case or action is moot, a federal court no longer retains jurisdiction to adjudicate the merits of a case.)  Simply put, Lunn's release has rendered his Petition moot.

## **CONCLUSION**

For the foregoing reasons, Respondent respectfully requests that this Court grant the motion to dismiss the petition for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), on mootness ground.

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General
Civil Division, U.S. Dep't of Justice

WILLIAM C. PEACHEY
Director
Office of Immigration Litigation (OIL)

SHEREASE PRATT
Senior Litigation Counsel

By:     /s/ *Kathleen A. Connolly*
KATHLEEN A. CONNOLLY
DC Bar 989085
Senior Litigation Counsel
Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868
Washington, DC 20044
Tel: (202) 305-8627
Fax: (202) 307-8781
Email: Kathleen.a.connolly@usdoj.gov

**Attorneys for Respondent**

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above Memorandum in Support of Motion to Dismiss was served upon the attorney of record for each other party on May 29, 2017, through the CM/ECF for the District of Massachusetts. All parties are registered CM/ECF participants and were served electronically, as identified on the Notice of Electronic Filing (NEF).


*/s/ Kathleen Connolly*
Kathleen Connolly
Senior Litigation Counsel

Date:  May 29, 2017

# EXHIBIT A

DECLARATION OF ACTING ASSISTANT FIELD OFFICE DIRECTOR
JENNIFER MCGRATH-BOYLE

Pursuant to the authority of 28 U.S.C. § 1746, I, Jennifer McGrath-Boyle, an Acting Assistant Field Office Director at the Burlington, Massachusetts, United States Immigration and Customs Enforcement office, Department of Homeland Security ("ICE"), declare as follows:

1. I am an Acting Assistant Field Office Director at the Burlington, Massachusetts, United States Immigration and Customs Enforcement office, Department of Homeland Security.

2. Included in my official duties as an Acting Assistant Field Office Director is the responsibility for managing and monitoring the ICE custody status of aliens awaiting the execution of removal orders from the United States.

3. I have examined the official records available to me regarding the custody status of Sreynuon LUNN, Administrative File No. ███████, an alien who is subject to a final order of removal.

4. Upon review of the official records available to me as an Acting Assistant Field Office Director for ICE, I declare that Sreynuon LUNN was released from ICE custody on May 25, 2017, and is not now in ICE custody.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on:

Date 5/25/17   Signature

Jennifer McGrath-Boyle
Acting Assistant Field Office
Director
U.S. Immigration & Customs
Enforcement
Dept. Homeland Security
Burlington, Massachusetts