UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SREYNUON LUNN, | * |
| | * |
| Petitioner, | * |
| | * |
| v. | *   Civil Action No. 17-cv-10938-IT |
| | * |
| YOLANDA SMITH, et al., | * |
| | * |
| Respondents. | * |

<u>ORDER</u>

October 27, 2017

TALWANI, D.J.

After Petitioner Sreynuon Lunn filed this Petition for Writ of Habeas Corpus [#1], the court ordered Respondents to give the court at least two business days' notice of any transfer of Petitioner from the District of Massachusetts and the reason for such transfer. Service Order [#12]. On Saturday, October 14, 2017, Respondents reported that if Lunn is taken into custody by ICE in the next two weeks, Respondents would transport him out of New England. Status Report [#56]. Respondents asserted that the purpose of the transfer was so Cambodian officials could conduct a verification interview. <u>Id.</u> On October 16, 2017, the court ordered Respondents not to remove Petitioner from Massachusetts absent further court order. Order [#57]. The court noted that Respondents did not state that a verification interview had been requested or scheduled for Lunn, and did not assert that removal is now reasonably foreseeable. The court explained that this relief was necessary in order for the court to have a reasonable opportunity to rule on the Petition. Respondents thereafter filed <u>a Motion for Reconsideration</u> [#59].

After review of the <u>Motion for Reconsideration</u> [#59] and supporting papers, Respondents' further <u>Response to Court Order</u> [#63], Petitioner's response as set forth in the

Recommendations for Scheduling Order [#58], and the arguments of counsel at today's hearing, the court reconsiders and vacates its prior Order [#57].

The issues presented here may be either moot or premature, as Petitioner remains in state custody and has not been detained by ICE. The court clarifies, however, that the prior order was in any event not intended to interfere with efforts to secure travel documents for Petitioner. The government has now represented that if ICE takes custody of Lunn and the court lifts its restrictions, he "will be transported . . . for the purpose of a nationality verification interview with Cambodian officials." The court understands this statement as a representation that the government will only transport Petitioner out of the District (other than for removal to Cambodia) if it has a good faith belief that Petitioner will indeed be interviewed by representatives of the Cambodian government. Moreover, Petitioner's due process rights can be adequately protected by ensuring that the government promptly returns Petitioner to this District and ensures Petitioner access to his counsel.

Accordingly,

IT IS HEREBY ORDERED that:

1. The October 16, 2017, Order is vacated;

2. ICE may remove Petitioner from this District for the purpose of a nationality verification interview with Cambodian officials between the dates of October 30, and November 10, 2017, so long as he is promptly returned to this District and he has access to his counsel;

3. Petitioner shall not otherwise be moved from this District without providing the court 48 hours' advance notice of the move and the reason therefor, such notice to commence at the date and time such notice is filed and expire 48 hours later, except if

3

the period would end on a Saturday, Sunday, or legal holiday, the period continues to run until the same time on the next day that is not a Saturday, Sunday, or legal holiday.

Date: October 27, 2017                                    /s/ Indira Talwani
                                                          United States District Judge