UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

|                                                    |     |                        |
|----------------------------------------------------|-----|------------------------|
| SREYNUON LUNN,                                     | )   |                        |
|                                                    | )   |                        |
|     Petitioner,               | )   |                        |
|                                                    | )   | C.A. No. 1:17-10938-IT |
|     v.                         | )   |                        |
|                                                    | )   |                        |
| YOLANDA SMITH, Superintendent of Suffolk,          | )   |                        |
| County House of Correction, *et al.*,              | )   |                        |
|                                                    | )   |                        |
|     Respondents.              | )   |                        |

_____)

## MOTION TO QUASH DISCOVERY

Respondents file this Motion to Quash in response to Petitioner Sreynoun Lunn's

("Lunn") First Set of Interrogatories, which were served upon Respondents on November 10,

2017. Exhibit A, Lunn's First Set of Interrogatories. Respondents move to quash the

Interrogatories because: (1) Lunn failed to seek leave of the Court to propound the

Interrogatories upon Respondents, as required under Rule 6 of the Rules Governing Section 2254

Cases;[1] and (2) Lunn has failed to provide the required showing of good cause required for the

Court to grant leave to conduct discovery.[2] For these reasons, the Court should grant

Respondent's Motion to Quash Discovery.

---

[1] Although Lunn filed his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, Rule 1(b) of the Rules Governing Section 2254 Cases makes those rules applicable to habeas cases brought under 28 U.S.C. § 2241. *See* Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts; *see also Cobble v. Brown Sch.*, No. 14-cv-346, 2014 WL 5091888, at *1 n.2 (M.D. Ga. Oct. 9, 2014).

[2] On July 28, 2017, Petitioner served Respondents with a letter requesting production of certain documents. During a telephonic meet and confer on August 7, 2017, and again in court filings subsequent to that date, Respondents via undersigned counsel, made it clear to Petitioner that

This Motion follows a telephonic meet and confer conducted on November 30, 2017, and an email discussion on December 4, 2017, between counsel for the parties, who were unable to resolve their dispute at that time.

**I.     Lunn failed to seek or receive leave of the Court to initiate discovery in a habeas action.**

The Court should quash Lunn's Interrogatories because he failed to seek or obtain leave of the Court to propound them before he did so. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997); *see also Bader v. Warden*, 488 F.3d 483, 488 (1st Cir. 2007) (accord). Rather, Rule 6(a) of the Rules Governing Section 2254 Cases allows a federal habeas judge to grant discovery in his or her discretion, but only upon a showing of "good cause." *Bracy*, 520 U.S. at 904 (citing Rule 6(a) of the Rules Governing Section 2254 Cases). In seeking leave to propound discovery, the requesting party must lodge any proposed discovery (i.e. interrogatories) with the court and seek leave to propound it on another party. Rules Governing Section 2254 Cases in the United States District Courts, Pub. L. No. 94-426, 90 Stat. 1334, Rule 6(b) (Sept. 28, 1976).

Lunn did not file a motion for leave to propound discovery upon Respondents, nor did Lunn provide a copy of the Interrogatories to the Court for review. Because Lunn failed to seek

---

Respondents did not believe formal discovery was appropriate in this habeas case, but agreed, as a courtesy, to informally provide Petitioner with some of the documents requested in his July 28, 2017 letter. *See, e.g.*, Motion to Stay Briefing, ECF No. 31, at ¶ 5 ("Respondents are collecting and reviewing documents that are potentially responsive to the requests set out in [Petitioner's] letter of July 28, 2017. . . . Although it is Respondents' position that formal discovery is inappropriate and/or premature, Respondents intend, as a courtesy and in the interests of furthering the efficient progress of this case, to turn over certain documents in response to Mr. Lunn's request."). Respondents' courtesy in providing certain documents to Petitioner was not an assent to submit to formal discovery in this habeas petition.

or obtain leave of the Court to propound discovery in a habeas action, the Court should grant this Motion to Quash Discovery.

**II.    There is no good cause for discovery in this habeas action.**

In the alternative, if the Court chooses to overlook Lunn's failure to seek and obtain leave to propound discovery, the Court should still quash the Interrogatories because no good cause exists for discovery in this habeas action. Good cause for discovery in habeas cases exists only if Lunn presents "specific allegations that give a court reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief." *Teti v. Bender*, 507 F.3d 50, 60 (1st Cir. 2007) (citing *Bracy*, 520 U.S. at 908-09). "Undergirding this construct is our admonition that '[a] habeas proceeding is not a fishing expedition.'" *Donald v. Spencer*, 656 F.3d 14, 16 (1st Cir. 2011) (quoting *Teti*, 507 F.3d at 60). In this case, further factual development would not help Lunn establish his entitlement to the relief he seeks: release from custody,[3] and an order enjoining Immigration and Customs Enforcement ("ICE") from re-detaining Lunn without first establishing in this court that his removal has become reasonably foreseeable. Habeas Petition, ECF No. 1, at ¶ 40 (Prayer for Relief).

Lunn's habeas petition presents purely legal questions: (1) whether ICE has the legal authority to re-detain a petitioner, like Lunn, who violates his conditions of release unless ICE can prove that such alien's removal has become reasonably foreseeable; and (2) whether Lunn's detention for violating his Order of Supervision ("OSUP") is unconstitutional under the Fifth Amendment's Due Process Clause. *See* Pet. at ¶¶ 28-38; Memorandum in Support ("Mem. in Support"), ECF No. 3, at 1-2, 5-11. Specifically, Lunn argues that under 8 U.S.C. § 1231(a) and

---

[3] Lunn's request to be released from ICE's physical custody was mooted out by his May 25, 2017, release from ICE custody. *See* ECF No. 16-1, McGrath-Boyle Decl. at ¶ 4; ECF No. 15, Motion to Dismiss (discussing Lunn's release from ICE custody). Lunn is not currently in ICE custody.

the Supreme Court's holding in *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001), ICE cannot re-detain him, even if he violates the conditions laid out in his OSUP, without first demonstrating that his removal is reasonably foreseeable. *Id.* Along those lines, Lunn also argues that regulations promulgated under 8 U.S.C. § 1231, in particular 8 C.F.R. §§ 241.4(l)(2) and 241.13(i), are in violation of *Zadvydas* and lack procedural protections. *Id.* at 9-10.

Lunn has not demonstrated good cause as to why the information he seeks in these interrogatories demonstrates that he is entitled to relief. Indeed, as this case turns solely on questions of law, the topics on which Lunn seeks discovery have no bearing on whether ICE can re-detain someone who violates an OSUP without first demonstrating that the person's removal is reasonably foreseeable. Either ICE has the authority to re-detain Lunn for violating his OSUP or it does not. Specifically, Interrogatories Nos. 1, and 5-11 seek information about the Cambodian government's participation in repatriating aliens with final orders of removal, information about verification interviews, the number of Cambodian nationals subject to final orders of removal, the number of travel documents issued by the Cambodian government, and the number of Cambodian nationals who fall within the parameters of those eligible for removal based on the current Memorandum of Understanding between the United States and Cambodia. First, it is not clear how information about aliens with final orders of removal to Cambodia other than Lunn is at all relevant to Lunn's habeas petition and potential future custody. Moreover, questions about what the Cambodian government has or has not done with respect to aliens with final orders of removal and what standards the Cambodian government has historically applied are not relevant to whether ICE has the legal authority to re-detain Lunn in the future should he violate his conditions of release. Nor is such information proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b) (discussing scope and limits of discovery).

Interrogatories Nos. 2-4, and 12, which concern whether the Cambodian government has specifically discussed Lunn with the U.S. government or whether the Cambodian government has agreed to interview Lunn, are not relevant to whether ICE has the authority to re-detain Lunn for violating his OSUP conditions. In addition, questions about what the Cambodian government, or ICE, has done historically with respect to Lunn or other aliens with final orders of removal and what standards the Cambodian government applies are not relevant to whether ICE has the legal authority to re-detain Lunn in the future should he violate his conditions of release. To that point, relations between the United States and foreign governments are subject to change, and conditions that existed previously are not probative of what conditions may exist in the future. Lunn cannot demonstrate good cause to show that the issue he presented in his habeas petition – whether ICE can redetain him without first demonstrating to this Court that his removal is reasonably foreseeable – would in any way be aided by information about the historical conditions of the Cambodian government and repatriation of individuals. Moreover, to the extent Lunn is attempting to challenge Respondents' attempt to execute his removal order – inasmuch as diplomatic discussions between the United States and Cambodia related to repatriation are directly related to the execution of his removal order – such claim is barred by 8 U.S.C. § 1252(g).

Interrogatories Nos. 13-15 relate to what regulations govern Lunn's past releases, what regulation governs his current release, and ICE's policies and procedures for re-detaining petitioners who violate an OSUP. With the exception of what regulation governs Lunn's most recent release from ICE custody in May 2017,[4] none of the remainder of Interrogatories 13-15 is relevant. What regulations governed his past releases and ICE's policies and procedures about

---

[4] Lunn's release from ICE custody in May 2017 was governed by 8 C.F.R. § 241.4.

revocation are not relevant to Lunn's habeas petition and the issue here – whether ICE has the legal authority to re-detain Lunn for violating his OSUP without demonstrating that his removal is reasonably foreseeable. Moreover, ICE has already declared under what circumstances it would re-detain Lunn: his re-involvement in the criminal justice system; to reestablish conduct and reissue renewed conditions if he again violates his conditions of release; or for purposes of removal (*i.e.* if he needs to be presented before consulate personal of either Cambodia or a third country for a verification interview). ECF No. 23, Reply in Support of Motion to Dismiss, at 5, 10-11; ECF No. 23.1, Piepiora Decl., at ¶¶ 10-11; ECF No. 56.1, Guarna-Armstrong Decl., at ¶¶ 7-8; ECF No. 59.1, Schultz Decl., at ¶ 6. None of the information requested in these interrogatories, therefore, is relevant to this habeas petition and the legal issue of whether ICE has the legal authority to re-detain Lunn for violating his OSUP conditions without first demonstrating his removal is reasonably foreseeable. Moreover, Lunn is seeking to interfere with the removal process by asking this Court to require ICE to first get leave of the court before removing someone. Lunn has not and cannot demonstrate that the information he seeks in his interrogatories would demonstrate that he is entitled to relief.

Finally, Interrogatory 16, which inquires whether Respondents have produced all non-privileged documents in response to Lunn's informal requests for production assumes that discovery is appropriate in this case to begin with. However, as Respondents made clear to Petitioner previously, Respondents agreed to informally provide some of the requested documents to Petitioner as a courtesy and in the interests of furthering the efficient progress of this case, not because discovery is appropriate.

Ultimately, none of Lunn's interrogatories seek information relevant to the questions of law at issue in this case – 1) Lunn's habeas petition challenging ICE's authority to re-detain him

if he violates his OSUP conditions and 2) whether regulations that permit such re-detention are unconstitutional. The habeas statute, 28 U.S.C. § 2241(c)(3), provides federal district courts with jurisdiction to entertain petitions for habeas relief from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." In denying Respondent's motion to dismiss, this Court found that if Petitioner prevailed on his habeas claim, the Court could issue a non-advisory injunction prohibiting ICE from detaining Lunn. *See* Order, ECF No. 26. Whether or not the Court determines that ICE has the authority to re-detain Lunn for violating his OSUP without first demonstrating to the Court that his removal is reasonably foreseeable will not be affected by information about the Cambodian government's repatriation efforts, information about other aliens with final orders of removal, or even information related to the Cambodian government's assessment of Lunn. This is a habeas petition challenging Lunn's individual entitlement to an injunction prohibiting ICE from re-detaining him, not a fishing expedition into the diplomatic discussions between the Cambodian and U.S. governments and the ICE processes to accomplish removal generally. Accordingly, Lunn has not and cannot demonstrate that good cause exists for any of his interrogatories.

## CONCLUSION

The Court should quash the Interrogatories because Lunn failed to seek or obtain leave of the Court to initiate discovery in a habeas action. In the alternative, the Court should quash the Interrogatories because Lunn failed to provide the necessary showing of good cause for the information requested in them. Therefore, the Court should grant Respondent's Motion to Quash Discovery.

Dated: December 5, 2017

Respectfully Submitted,

CHAD A. READLER
Principal Deputy Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director

GISELA A. WESTWATER
Assistant Director

*/s/ Kathleen A. Connolly*
KATHLEEN A. CONNOLLY
CT Bar 426183
Senior Litigation Counsel
Department of Justice, Civil Division
Office of Immigration Litigation (OIL)
District Court Section
P.O. Box 868
Washington, DC 20044
Tel: (202) 305-8627
Fax: (202) 307-8781
Kathleen.a.connolly@usdoj.gov

Attorneys for Respondents

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1, undersigned counsel conferred with counselors for Petitioner via phone on November 30, 2017, and via email on December 4, 2017, to discuss the issues raised herein. Petitioner's counselors oppose this motion.

*/s/ Kathleen A. Connolly*
Kathleen A. Connolly
Senior Litigation Counsel

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above Motion to Quash was served upon the attorney of record for each other party on December 5, 2017, through the CM/ECF for the District of Massachusetts. All parties are registered CM/ECF participants and were served electronically, as identified on the Notice of Electronic Filing (NEF).

*/s/ Kathleen A. Connolly*
Kathleen A. Connolly
Senior Litigation Counsel

Date:  December 5, 2017