# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
SREYNUON LUNN,                                    )
                                                  )
                    Petitioner,                   )
                                                  )
         v.                                       )
                                                  )   Civil Action No. 1:17-cv-10938-IT
YOLANDA SMITH, Superintendent of Suffolk          )
County House of Correction, et al.,               )
                                                  )
                                                  )
                    Respondents.                  )
_____

**PETITIONER SREYNUON LUNN'S
FIRST SET OF INTERROGATORIES**

Petitioner Sreynuon Lunn ("Petitioner") hereby propounds, pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rules 26.1(c), 26.5, 26.6 and 33.1, the interrogatories below (the "Interrogatories") to be answered by Respondents Yolanda Smith, et al. ("Respondents") by no later than thirty (30) days after service of this request.

**DEFINITIONS**

The definitions set forth in Local Rule 26.5 are incorporated by reference as if fully set forth herein. The following defined terms also form an integral part of the Interrogatories:

1. "You" and "Your" mean and refer to Respondents in the above-captioned action, as well as any other entity or person acting at their direction or on their behalf, including without limitation each of their agents, representatives, and attorneys.

2. "Schultz Declaration" means and refers to the Declaration of Deputy Assistant Director John A. Schultz Jr. submitted in support of Respondents' October 19, 2017 Motion to Reconsider.

**INSTRUCTIONS**

1. In answering the Interrogatories, furnish all non-privileged information which is available to You, including information within Your possession, custody, or control, including information in the possession of Your attorneys, agents, representatives, consultants, accountants, advisors, or investigators.

2. If any information responsive to the Interrogatories contained herein is claimed to be privileged or otherwise protected from discovery in whole or in part, identify each person who has knowledge of such information or to whom such information has been communicated, and state with particularity the nature and basis of privilege in sufficient detail to permit the Court to adjudicate the validity of such claim.

3. If any Interrogatory contained herein is claimed to be objectionable for reasons other than a claimed privilege, then the portion of the interrogatory claimed to be objectionable shall be identified, and the nature and basis of the objection shall be stated with sufficient particularity and in sufficient detail to permit the Court to rule on the validity of the objection.

4. Unless otherwise defined, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense.

5. The term "including" shall be construed to mean "including, but not limited to."

6. Pursuant to Federal Rule of Civil Procedure 26(e), the Interrogatories shall be deemed continuing so as to require further supplemental and corrective information if You obtain additional information between the time of initial response and the time of hearing or trial.

## INTERROGATORIES

**INTERROGATORY NO. 1**

State all dates in the past five (5) years, including the period October 30 to November 10, 2017, on which the Government of Cambodia conducted "nationality verification interviews," as referenced in Paragraph 6 of the Schultz Declaration, and the number of people who were interviewed.

**INTERROGATORY NO. 2**

State whether, on or after August 31, 2017, You or any representative of the United States government have communicated with the Government of Cambodia regarding its willingness to repatriate Petitioner, specifically. For the avoidance of doubt, "specifically" shall mean Petitioner himself, as opposed to any general category of persons that may include Petitioner. If so, describe the nature and substance of the communications, the dates on which they occurred, the participants, and the form of communication (e.g., email).

**INTERROGATORY NO. 3**

State whether, since August 31, 2017, the Government of Cambodia has agreed to conduct a nationality verification interview, or any other interview, with Petitioner, specifically. For the avoidance of doubt, "specifically" shall mean Petitioner himself, as opposed to any general category of persons that may include Petitioner. If so, describe the details of such an agreement, including the dates or time frame when such interview is intended to take place, and the location.

**INTERROGATORY NO. 4**

State whether, prior to August 31, 2017, the Government of Cambodia has ever communicated with Respondents or any representative of the United States government regarding its willingness to repatriate Petitioner, specifically. For the avoidance of doubt, "specifically" shall mean Petitioner himself, as opposed to any general category of persons that may include Petitioner.

If so, describe the nature and substance of the communications, the dates on which they occurred, the participants, and the form of communication (e.g., email).

**INTERROGATORY NO. 5**

State whether the Government of Cambodia has articulated the standards and/or methods that it applies in verifying nationality, as referenced in Paragraph 5 of the Schultz Declaration. If so, state such standards and/or methods.

**INTERROGATORY NO. 6**

For each of the following factors, state whether it is Your experience that this factor has, since 2002, influenced the likelihood of removal to Cambodia, and, if so, state the nature of that influence: 1) criminal history; 2) birth outside of Cambodia; 3) length of residence in the United States; 4) lack of prior residence in Cambodia; 5) a lack of family members in Cambodia; 6) mental health; 7) physical health.

**INTERROGATORY NO. 7**

State whether the Government of Cambodia has communicated to You or to any representative of the United States government any preferred or disfavored characteristics of Cambodian nationals to be repatriated, including but not limited to the characteristics described in Interrogatory No. 6. If so, state such characteristics.

**INTERROGATORY NO. 8**

State whether any nationality verification interviews to be conducted by the Government of Cambodia of persons residing in the United States are currently scheduled, and, if so, state the dates on which they are scheduled, including any tentative dates or time periods.

**INTERROGATORY NO. 9**

State the number of persons for whom the Government of Cambodia issued travel documents following any interviews described in Interrogatory No. 1, and the period of time elapsed between the date of interview and date that the travel documents were provided.

**INTERROGATORY NO. 10**

State the number of Cambodian nationals subject to final orders of removal.

**INTERROGATORY NO. 11**

State the number of Cambodian nationals who "fall[] within the parameters of those eligible for removal under the current [Memorandum of Understanding between the United States and Cambodia]" referenced in Paragraph 8 of the Schultz Declaration.

**INTERROGATORY NO. 12**

State with specificity the basis for John A. Schultz, Jr.'s "opinion that [Petitioner] Lunn's removal is significantly likely in the reasonably foreseeable future," as he declared in Paragraph 11 of the Schultz Declaration.

**INTERROGATORY NO. 13**

For each date that Petitioner was released from U.S. Immigration and Customs Enforcement Agency ("ICE") custody, state whether Petitioner's release was governed by 8 C.F.R. § 241.4 or 8 C.F.R. § 241.13. For each detention of Petitioner by ICE subsequent to issuance of Petitioner's final order of removal, state the regulatory basis for the detention.

**INTERROGATORY NO. 14**

State whether it is a policy or practice of ICE to redetain individuals who violate the conditions of an Order of Supervision, regardless of likelihood of removal.

**INTERROGATORY NO. 15**

State whether, when an individual with a final order of removal is in ICE custody—whether following a violation of the conditions of release or otherwise—and a determination is made that his removal is not significantly likely to occur in the reasonably foreseeable future, the individual is entitled to immediate release. If not, state the basis for this contention.

**INTERROGATORY NO. 16**

State whether You have produced all non-privileged documents responsive to the informal requests for production issued to You by Petitioner on July 28, 2017.

Dated: November 10, 2017

By: _____
Christopher G. Green (BBO # 643202)
Shivan Sarin (BBO # 694197)
Ropes & Gray LLP
800 Boylston Street
Prudential Tower
Boston, MA 02199
(617) 951-7000
Christopher.Green@ropesgray.com
Shivan.Sarin@ropesgray.com

Matthew R. Segal (BBO # 654489)
Laura Rótolo (BBO # 665247)
Adriana Lafaille (BBO # 680210)
American Civil Liberties Union
Foundation of Massachusetts
211 Congress Street, Suite 301
Boston, MA 02110
(617) 482-3170
msegal@aclum.org
lrotolo@aclum.org
alafaille@aclum.org

Laura Murray-Tjan (BBO # 649609)
Federal Immigration Appeals Project, PLLC
Six Beacon Street, Suite 900
Boston, MA 02108
(617) 580-1717
laura@fiapboston.com

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon Kathleen A. Connolly, counsel for Respondents, by email and by U.S. Mail on November 10, 2017 at the following address:

Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868
Washington, DC 20044
Kathleen.a.connolly@usdoj.gov

_____
Christopher G. Green