# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SREYNUON LUNN,<br><br>    Petitioner,<br><br>    v.<br><br>YOLANDA SMITH, Superintendent of Suffolk,<br>County House of Correction, et al.,<br><br>    Respondents. | C.A. No. 1:17-10938-IT |

**RESPONDENTS' SECOND SUPPLEMENTAL RESPONSE TO PETITIONER SREYNUON LUNN'S FIRST SET OF INTERROGATORIES**

Pursuant to the Federal Rules of Civil Procedure, Respondents, the U.S. Department of Homeland Security ("DHS") and Immigration and Customs Enforcement ("ICE"), file these Second Supplemental Responses to Petitioner Sreynuon Lunn's First Set of Interrogatories.

## DEFINITIONS

The definitions set forth in Local Rule 26.5 are incorporated by reference as if fully set forth herein. The following defined terms also form an integral part of the Interrogatories:

1. "You" and "Your" mean and refer to Respondents in the above-captioned action, as well as any other entity or person acting at their direction or on their behalf, including without limitation each of their agents, representatives, and attorneys.

2. "Schultz Declaration" means and refers to the Declaration of Deputy Assistant Director John A. Schultz Jr. submitted in support of Respondents' October 19, 2017 Motion to Reconsider.

## INTERROGATORY NO. 1

State all dates in the past five (5) years, including the period October 30 to November 10,

1

2017, on which the Government of Cambodia conducted "nationality verification interviews," as referenced in Paragraph 6 of the Schultz Declaration, and the number of people who were interviewed.

**Respondents' Objection to Interrogatory No. 1:**

Respondents object to Interrogatory No. 1 as beyond the temporal scope of Petitioner's First Set of Interrogatories as limited by the Court's January 22, 2018 Order. While the Court indicated in its Order that ICE's rationale for previous decisions to detain and release the Petitioner was relevant, the Court explicitly decided that the Petitioner's First Set of Interrogatories are "limited in time from the date of the detention that led to this Petition to the present." The date of detention that led to the Petition in this case is February 6, 2017. Therefore, Respondents object to any inquiry that requires an answer relating to events or decisions prior to February 6, 2017.

**Respondent ICE's Response to Interrogatory No. 1:**

Notwithstanding the court-ordered limitation of the scope of Petitioner's First Set of Interrogatories, the Government of Cambodia did not conduct any nationality verification interviews in 2013. ICE does not have sufficiently accurate data for the interviews that occurred in 2014 and 2015. However, from September 19-23, 2016, the Government of Cambodia interviewed 45 individuals, and as a result in February 2017 they issued 34 travel documents. Additionally, from October 31 to November 10, 2017, the Government of Cambodia interviewed 95 individuals, and as a result in December 2017 they issued 72 travel documents.

**Respondent DHS's Response to Interrogatory No. 1:**

DHS did not participate in the drafting or review of the Schultz Declaration, so lacks information sufficient to form a belief regarding its contents. Respondent DHS has no knowledge

or information about the dates or number of people interviewed by the Government of Cambodia during nationality verification interviews conducted over the past five years.

## INTERROGATORY NO. 2

State whether, on or after August 31, 2017, You or any representative of the United States Government have communicated with the Government of Cambodia regarding its willingness to repatriate Petitioner, specifically. For the avoidance of doubt, "specifically" shall mean Petitioner himself, as opposed to any general category of persons that may include Petitioner. If so, describe the nature and substance of the communications, the dates on which they occurred, the participants, and the form of communication (e.g., email).

**Respondent ICE's Response to Interrogatory No. 2:**

ICE has not communicated with the Government of Cambodia regarding its willingness to repatriate Petitioner, specifically. ICE has no knowledge about communications by any other U.S. Government agency with the Government of Cambodia regarding its willingness to repatriate Petitioner.

**Respondent DHS's Response to Interrogatory No. 2:**

Respondent DHS has no knowledge of any communications between DHS Headquarters and the Government of Cambodia regarding the Government of Cambodia's willingness to repatriate Petitioner. DHS has no knowledge about communications by any other U.S. Government agency with the Government of Cambodia regarding its willingness to repatriate Petitioner.

## INTERROGATORY NO. 3

State, whether, since August 31, 2017, the Government of Cambodia has agreed to conduct a nationality verification interview, or any other interview, with petitioner, specifically.

For the avoidance of doubt, "specifically" shall mean Petitioner himself, as opposed to any general category of persons that may include Petitioner. If so, describe the details of such an agreement, including the dates or time frame when such interview is intended to take place, and the location.

**Respondent ICE's Response to Interrogatory No. 3:**

Respondents have not, since August 31, 2017, requested that the Government of Cambodia interview the Petitioner.

**Respondent DHS's Response to Interrogatory No. 3:**

Respondent DHS has no knowledge about whether, since August 31, 2017, the Government of Cambodia agreed to conduct a nationality verification interview, or any other interview, with Petitioner.

**INTERROGATORY NO. 4**

State whether, prior to August 31, 2017, the Government of Cambodia has ever communicated with Respondents or any representative of the United States Government regarding its willingness to repatriate Petitioner, specifically. For the avoidance of doubt, "specifically" shall mean Petitioner himself, as opposed to any general category of persons that may include Petitioner. If so, describe the nature and substance of the communications, the dates on which they occurred, the participants, and the form of communication (e.g., email).

**Respondents' Objection to Interrogatory No. 4:**

Respondents object to Interrogatory No. 4 as beyond the temporal scope of Petitioner's First Set of Interrogatories as limited by the Court's January 22, 2018 Order. While the Court indicated in its Order that ICE's rationale for previous decisions to detain and release the Petitioner was relevant, the Court explicitly decided that the Petitioner's First Set of

Interrogatories are "limited in time from the date of the detention that led to this Petition to the present." The date of detention that led to the Petition in this case is February 6, 2017. Therefore, Respondents object to any inquiry that requires an answer relating to events or decisions prior to February 6, 2017.

**Respondent ICE's Response to Interrogatory No. 4:**

Notwithstanding the court-ordered limitation of the scope of Petitioner's First Set of Interrogatories, prior to August 31, 2017, the Government of Cambodia did not communicate with ICE regarding its willingness to repatriate Petitioner, specifically. ICE has no knowledge of whether the Government of Cambodia communicated with any other U.S. Government agency about its willingness to repatriate Petitioner.

**Respondent DHS's Response to Interrogatory No. 4:**

Respondent DHS has no knowledge of whether, prior to August 31, 2017, the Government of Cambodia communicated to Respondents or any representative of the United States Government its willingness to repatriate Petitioner. DHS has no knowledge of whether the Government of Cambodia communicated with any other U.S. Government agency about its willingness to repatriate Petitioner.

**INTERROGATORY NO. 5**

State whether the Government of Cambodia has articulated the standards and/or methods that it applies in verifying nationality, as referenced in Paragraph 5 of the Schultz Declaration. If so, state such standards and/or methods.

**Respondent ICE's Response to Interrogatory No. 5:**

The Government of Cambodia has not articulated or communicated to ICE the standards and/or methods referenced in Paragraph No. 5. Respondent ICE has no knowledge of whether

the Government of Cambodia has articulated the standards and/or methods that it applies in verifying nationality to other government agencies.

**Respondent DHS's Response to Interrogatory No. 5:**

DHS did not participate in the drafting or review of the Schultz Declaration, so lacks information sufficient to form a belief regarding its contents. The Government of Cambodia has not articulated or communicated to DHS the standards and/or methods referenced in Paragraph No. 5. Respondent DHS has no knowledge of whether the Government of Cambodia has articulated the standards and/or methods that it applies in verifying nationality to other government agencies.

## INTERROGATORY NO. 6

For each of the following factors, state whether it is Your experience that this factor has, since 2002, influenced the likelihood of removal to Cambodia, and, if so, state the nature of that influence: 1) criminal history; 2) birth outside of Cambodia; 3) length of residence in the United States; 4) lack of prior residences in Cambodia; 5) lack of family members in Cambodia; 6) mental health; 7) physical health.

**Respondents' Objection to Interrogatory No. 6:**

Respondents object to Interrogatory No. 6 as beyond the temporal scope of Petitioner's First Set of Interrogatories as limited by the Court's January 22, 2018 Order. While the Court indicated in its Order that ICE's rationale for previous decisions to detain and release the Petitioner was relevant, the Court explicitly decided that the Petitioner's First Set of Interrogatories are "limited in time from the date of the detention that led to this Petition to the present." The date of detention that led to the Petition in this case is February 6, 2017. Therefore,

6

Respondents object to any inquiry that requires an answer relating to events or decisions prior to February 6, 2017.

**Respondent ICE's Response to Interrogatory No. 6:**

Respondent ICE objects to Interrogatory No. 6 on the basis of Law Enforcement Privilege to the extent that the Interrogatory seeks information concerning how certain factors influence ICE's likelihood of removing an alien to Cambodia.

To the extent that Interrogatory No. 6 requests information as to how the above-referenced factors influence the Government of Cambodia's decision to accept an individual for repatriation, Respondent ICE cannot answer on behalf of a third party not a party to this litigation.

**Respondent DHS's Response to Interrogatory No. 6:**

To the extent that Interrogatory No. 6 requests information as to how the above-referenced factors influence the Government of Cambodia's decision to accept an individual for repatriation, Respondent DHS cannot answer on behalf of a third party not a party to this litigation.

Notwithstanding the fact that the Government of Cambodia is not a party to this litigation, Respondent DHS has no knowledge about how the Government of Cambodia weighs certain factors during its decision to repatriate an individual.

## INTERROGATORY NO. 7

State whether the Government of Cambodia has communicated to You or to any representative of the United States Government any preferred or disfavored characteristics of Cambodian nationals to be repatriated, including but not limited to the characteristics described in Interrogatory No. 6. If so, state such characteristics.

**Respondent ICE's Objection to Interrogatory No. 7:**

Respondent ICE objects to Interrogatory No. 7 on the basis of Law Enforcement Privilege to the extent that the Interrogatory seeks substantive information concerning preferred or disfavored characteristics that ICE might consider relating to Cambodian nationals to be repatriated. Answering Interrogatory No. 7 would reveal techniques and procedures ICE uses to effectuate removals to Cambodia.

**Respondent ICE's Response to Interrogatory No. 7:**

The Government of Cambodia has not communicated to Respondent ICE that there are characteristics of Cambodian nationals to be repatriated that it considers when making a repatriation decision.

**Respondent DHS's Response to Interrogatory No. 7:**

The Government of Cambodia has not communicated to Respondent DHS that there are characteristics of Cambodian nationals to be repatriated that it considers when making a repatriation decision or the nature of such characteristics, if they exist.

**INTERROGATORY NO. 8**

State whether any nationality verification interviews to be conducted by the Government of Cambodia of persons residing in the United States are currently scheduled, and, if so, state the dates on which they are scheduled, including any tentative dates or time periods.

**Respondent ICE's Response to Interrogatory No. 8:**

Currently, there are no nationality verification interviews scheduled. However, ICE is working to schedule the next round of interviews.

**Respondent DHS's Response to Interrogatory No. 8:**

Respondent DHS has no knowledge about whether any nationality verification interviews to be conducted by the Government of Cambodia of persons residing in the United States are currently scheduled.

## INTERROGATORY NO. 9

State the number of persons for whom the Government of Cambodia issued travel documents following any interviews described in Interrogatory 1, and the period of time elapsed between the date of interview and date that the travel documents were provided.

**Respondent's Objection to Interrogatory No. 9:**

Respondents object to Interrogatory No. 9 as beyond the temporal scope of Petitioner's First Set of Interrogatories as limited by the Court's January 22, 2018 Order. While the Court indicated in its Order that ICE's rationale for previous decisions to detain and release the Petitioner was relevant, the Court explicitly decided that the Petitioner's First Set of Interrogatories are "limited in time from the date of the detention that led to this Petition to the present." The date of detention that led to the Petition in this case is February 6, 2017. Therefore, Respondents object to any inquiry that requires an answer relating to events or decisions prior to February 6, 2017.

**Respondent ICE's Response to Interrogatory No. 9:**

Notwithstanding the court-ordered limitation of the scope of Petitioner's First Set of Interrogatories, the Government of Cambodia did not conduct any nationality verification interviews in 2013, and therefore did not issue any travel documents as a result. ICE does not have sufficiently accurate data for the interviews that occurred in 2014 and 2015. However, following the September 19-23, 2016 interviews, the Government of Cambodia issued 34

9

individuals travel documents in February 2017. Additionally, following the October 31 to November 10, 2017 interviews, the Government of Cambodia issued 72 travel documents in December 2017.

**Respondent DHS's Response to Interrogatory No. 9:**

Respondent DHS has no knowledge about the number of persons for whom the Government of Cambodia issued travel documents following any interviews described in Interrogatory No. 1.

## INTERROGATORY NO. 10

State the number of Cambodia nationals subject to final orders of removal.

**Respondent ICE's Response to Interrogatory No. 10:**

As of January 27, 2018, there were 1,943 Cambodian nationals subject to a final orders of removal.

**Respondent DHS's Response to Interrogatory No. 10:**

Respondent DHS has no direct, current knowledge about the number of Cambodia nationals subject to final orders of removal and defers to Respondent ICE's response to Interrogatory No. 10.

## INTERROGATORY NO. 11

State the number of Cambodian nationals who "fall[] within the parameters of those eligible for removal under current [Memorandum of Understanding between the United States and Cambodia]" referenced in Paragraph 8 of the Schultz Declaration.

**Respondent ICE's Response to Interrogatory No. 11:**

ICE does not maintain or possess data reflecting the information requested in Interrogatory No. 11.

**Respondent DHS's Response to Interrogatory No. 11:**

DHS did not participate in the drafting or review of the Schultz Declaration, so lacks information sufficient to form a belief regarding its contents. Respondent DHS has no knowledge about the number of Cambodian nationals who "fall[] within the parameters of those eligible for removal under current [Memorandum of Understanding between the United States and Cambodia]" referenced in Paragraph 8 of the Schultz Declaration.

## INTERROGATORY NO. 12

State with specificity the basis for John A. Schultz Jr.'s "opinion that [Petitioner] Lunn's removal is significantly likely in the reasonably foreseeable future," as he declared in Paragraph 11 of the Schultz Declaration.

**Respondent ICE's Response to Interrogatory No. 12:**

At the time of the declaration, this assertion was based on the facts that: in October 2017 Cambodia was conducting nationality verification interviews; and, if released subsequent to his most recent criminal arrest, ICE had intended to include Petitioner on the list of persons to receive a nationality verification interview with the Government of Cambodia in October 2017.

**Respondent DHS's Response to Interrogatory No. 12:**

DHS did not participate in the drafting or review of the Schultz Declaration, so lacks information sufficient to form a belief regarding its contents. Respondent DHS has no knowledge about the basis for John A. Schultz Jr.'s "opinion that [Petitioner] Lunn's removal is significantly likely in the reasonably foreseeable future," as he declared in Paragraph 11 of the Schultz Declaration.

## INTERROGATORY NO. 13

For each date that Petitioner was released from U.S. Immigration and Customs

Enforcement Agency ("ICE") custody, state whether Petitioner's release was governed by 8 C.F.R. § 241.4 or 8 C.F.R. § 241.13. For each detention of Petitioner by ICE subsequent to issuance of Petitioner's final order of removal, state the regulatory basis for the detention.

**Respondents' Objection to Interrogatory No. 13:**

Respondents object to Interrogatory No. 13 as beyond the temporal scope of Petitioner's First Set of Interrogatories as limited by the Court's January 22, 2018 Order. While the Court indicated in its Order that ICE's rationale for previous decisions to detain and release the Petitioner was relevant, the Court explicitly decided that the Petitioner's First Set of Interrogatories are "limited in time from the date of the detention that led to this Petition to the present." The date of detention that led to the Petition in this case is February 6, 2017. Therefore, Respondents object to any inquiry that requires an answer relating to events or decisions prior to February 6, 2017.

**Respondent ICE's Response to Interrogatory No. 13:**

Notwithstanding the court-ordered limitation of the scope of Petitioner's First Set of Interrogatories, Petitioner was released on October 16, 2008; February 22, 2010; and May 24, 2017. The detention and release of an alien who violates the conditions of an Order of Supervision is governed by both 8 C.F.R. §§ 241.4 and 241.13. These two statutory provisions must be read in conjunction because of the manner in which they cross-reference each other. Thus, Petitioner's three detentions were each governed by both 8 C.F.R. §§ 241.4 and 241.13, and his three releases were each governed by both 8 C.F.R. §§ 241.4 and 241.13.

**Respondents DHS's Response to Interrogatory No. 13:**

Respondent DHS has no direct knowledge about whether Petitioner's detentions and releases were governed by 8 C.F.R. § 241.4 or 8 C.F.R. § 241.13.

## INTERROGATORY NO. 14

State whether it is policy or practice of ICE to redetain individuals who violate conditions of an Order of Supervision, regardless of likelihood of removal.

**Respondent ICE's Response to Interrogatory No. 14:**

Pursuant to the relevant regulations, ICE may redetain an alien for violation of the conditions of an Order of Supervision in order to effectuate the conditions of release. ICE may also redetain an alien who violates the conditions of an Order of Supervision in order to effectuate removal.

**Respondent DHS's Objection to Interrogatory No. 14:**

Respondent DHS objects to Interrogatory No. 14 to the extent that the Interrogatory asks DHS to answer on behalf of another party to this litigation.

## INTERROGATORY NO. 15

State whether, when an individual with a final order of removal is in ICE custody—whether following a violation of the conditions of release or otherwise—and a determination is made that this removal is not significantly likely to occur in the reasonably foreseeable future, the individual is entitled to immediate release. If not, state the basis for this contention.

**Respondents' Objection to Interrogatory No. 15:**

Interrogatory No. 15 requests a legal conclusion: whether an individual so described is "entitled" to immediate release. Respondents object to Interrogatory No. 15 because it requests a legal conclusion.

## INTERROGATORY NO. 16

State whether You have produced all non-privileged documents responsive to the informal requests for production issued to You by Petitioner of July 28, 2017.

**Respondents' Response to Interrogatory No. 16:**

Upon further review, Respondents DHS and ICE provide with their Response to Petitioner Sreynuon Lunn's First Set of Interrogatories two additional documents that are responsive to the July 28, 2017 informal request for production issued by Petitioner. Bates Nos. 230-31. With the addition of these documents, Respondents have produced all documents responsive to the informal request of July 28, 2017, subject to the privileges as laid out in Respondents' Privilege Log. Respondents are aware of the continuing duty to supplement discovery responses consistent with the Federal Rules of Civil Procedure.

## VERIFICATION

I, Michael Dougherty, declare, under penalty of perjury:

I am employed by the U.S. Department of Homeland Security as the Assistant Secretary for Border, Immigration and Trade Policy. As such, I am authorized to make this verification on behalf of DHS in this matter, for the responses to Interrogatories one through sixteen.

I have read and know the contents of the DHS responses. These responses were prepared after obtaining information available to DHS through its officers and employees and through its document and records. These responses, subject to inadvertent and undiscovered errors, are based upon, and necessarily limited by, the records and information still in existence, able to be located, presently recollected, and thus far discovered in the course of preparing these responses. The responses regarding DHS are true and correct to the best of my knowledge, information, and belief.

Dated at Washington, D.C., this 13 day of March, 2018.

_____
Michael Dougherty

## VERIFICATION

I, John A. Schultz, Jr., declare, under penalty of perjury:

I am employed by ICE as the Office of Enforcement and Removal Operations Deputy Assistant Director, Removal Management Division - East. As such, I am authorized to make this verification on behalf of ICE in this matter, for the responses to Interrogatories one through sixteen.

I have read and know the contents of these responses. These responses were prepared after obtaining information available to ICE through its officers and employees and through its document and records. These responses, subject to inadvertent and undiscovered errors, are based upon, and necessarily limited by, the records and information still in existence, able to be located, presently recollected, and thus far discovered in the course of preparing these responses. The responses regarding ICE are true and correct to the best of my knowledge, information, and belief.

Dated at Washington, D.C., this 5th day of March, 2018.

_____
John A. Schultz, Jr.

Dated: March 13, 2018

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General
Civil Division, U.S. Dep't of Justice

WILLIAM C. PEACHEY
Director
Office of Immigration Litigation (OIL)

STEVEN A. PLATT
LINDSAY M. VICK
Trial Attorneys

By: /s/ *Kathleen A. Connolly*
KATHLEEN A. CONNOLLY
CT Bar # 426183
Senior Litigation Counsel
Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868
Washington, DC 20044
Tel: (202) 305-8627
Email: Kathleen.a.connolly@usdoj.gov

**Attorneys for Respondents**

## CERTIFICATE OF MAILING

I hereby certify that on March 13, 2018, I served a copy of the foregoing upon the persons listed below via email:

Christopher Boots
Ropes & Gray
Christopher.boots@ropesgray.com

Jennifer Walker
Ropes & Gray
Jennifer.walker@ropesgray.com

Adriana Lafaille
American Civil Liberties Union
Alafaille@aclum.org

Laura Murray-Tjan
Federal Immigration Appeals Project
Laura@fiapboston.com

/s/ *Kathleen A. Connolly*
KATHLEEN A. CONNOLLY
Senior Litigation Counsel
Office of Immigration Litigation