# EXHIBIT G

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SREYNUON LUNN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) C.A. No. 1:17-10938-IT |
| | ) |
| YOLANDA SMITH, Superintendent of Suffolk, | ) |
| County House of Correction, et al., | ) |
| | ) |
| Respondents. | ) |

## RESPONDENTS' RESPONSE TO PETITIONER SREYNUON LUNN'S FIRST SET OF INTERROGATORIES

Pursuant to the Federal Rules of Civil Procedure, Respondents file their responses to

Petitioner Sreynuon Lunn's First Set of Interrogatories.

### DEFINITIONS

The definitions set forth in Local Rule 26.5 are incorporated by reference as if fully set

forth herein. The following defined terms also form an integral part of the Interrogatories:

1. "You" and "Your" mean and refer to Respondents in the above-captioned action, as

   well as any other entity or person acting at their direction or on their behalf, including

   without limitation each of their agents, representatives, and attorneys.

2. "Schultz Declaration" means and refers to the Declaration of Deputy Assistant Director

   John A. Schultz Jr. submitted in support of Respondents' October 19, 2017 Motion to

   Reconsider.

### INTERROGATORY NO. 1

State all dates in the past five (5) years, including the period October 30 to November 10,

2017, on which the Government of Cambodia conducted "nationality verification interviews," as

1

referenced in Paragraph 6 of the Schultz Declaration, and the number of people who were interviewed.

**Objection to Interrogatory No. 1:**

Defendants object to Interrogatory No. 1 as beyond the temporal scope of Petitioner's First Set of Interrogatories as limited by the Court's January 22, 2018 Order. While the Court indicated in its Order that ICE's rationale for previous decisions to detain and release the Petitioner was relevant, the Court explicitly decided that the Petitioner's First Set of Interrogatories are "limited in time from the date of the detention that led to this Petition to the present." The date of detention that led to the Petition in this case is February 6, 2017. Therefore, Defendants object to any inquiry that requires an answer relating to events or decisions prior to February 6, 2017.

**Response to Interrogatory No. 1:**

Notwithstanding the court-ordered limitation of the scope of Petitioner's First Set of Interrogatories, the Government of Cambodia did not conduct any nationality verification interviews in 2013. ICE does not have sufficiently accurate data for the interviews which occurred in 2014 and 2015. However, from September 19-23, 2016, the Government of Cambodia interviewed 45 individuals, and as a result in February 2017 they issued 34 travel documents. Additionally, from October 31 to November 10, 2017, the Government of Cambodia interviewed 95 individuals, and as a result in December 2017 they issued 72 travel documents.   On February 9, 2018, the Government of Cambodia informed ICE that they would issue an additional 19 travel documents from the latest round of interviews.

**INTERROGATORY NO. 2**

State whether, on or after August 31, 2017, You or any representative of the United States government have communicated with the Government of Cambodia regarding its willingness to

repatriate Petitioner, specifically. For the avoidance of doubt, "specifically" shall mean Petitioner himself, as opposed to any general category of persons that may include Petitioner. If so, describe the nature and substance of the communications, the dates on which they occurred, the participants, and the form of communication (e.g., email).

**Response to Interrogatory No. 2:**

ICE has not communicated with the Government of Cambodia regarding its willingness to repatriate Petitioner, specifically. However, ICE makes no representations on behalf of any other U.S. Government agency concerning communications with the Government of Cambodia.

**INTERROGATORY NO. 3**

State, whether, since August 31, 2017, the Government of Cambodia has agreed to conduct a nationality verification interview, or any other interview, with petitioner, specifically. For the avoidance of doubt, "specifically" shall mean Petitioner himself, as opposed to any general category of persons that may include Petitioner. If so, describe the details of such an agreement, including the dates or time frame when such interview is intended to take place, and the location.

**Response to Interrogatory No. 3:**

No, the United States has not requested that the Government of Cambodia interview the Petitioner since August 31, 2017.

**INTERROGATORY NO. 4**

State whether, prior to August 31, 2017, the Government of Cambodia has ever communicated with Respondents or any representative of the United States government regarding its willingness to repatriate Petitioner, specifically. For the avoidance of doubt, "specifically" shall mean Petitioner himself, as opposed to any general category of persons that may include

3

Petitioner. If so, describe the nature and substance of the communications, the dates on which they occurred, the participants, and the form of communication (e.g., email).

**Objection to Interrogatory No. 4:**

Defendants object to Interrogatory No. 4 as beyond the temporal scope of Petitioner's First Set of Interrogatories as limited by the Court's January 22, 2018 Order. While the Court indicated in its Order that ICE's rationale for previous decisions to detain and release the Petitioner was relevant, the Court explicitly decided that the Petitioner's First Set of Interrogatories are "limited in time from the date of the detention that led to this Petition to the present." The date of detention that led to the Petition in this case is February 6, 2017. Therefore, Defendants object to any inquiry that requires an answer relating to events or decisions prior to February 6, 2017.

**Response to Interrogatory No. 4:**

Notwithstanding the court-ordered limitation of the scope of Petitioner's First Set of Interrogatories, prior to August 31, 2017, the Government of Cambodia did not communicate with ICE regarding its willingness to repatriate Petitioner, specifically. ICE has no knowledge about the Government of Cambodia's communications with any other U.S. Government agency.

**INTERROGATORY NO. 5**

State whether the Government of Cambodia has articulated the standards and/or methods that it applies in verifying nationality, as referenced in Paragraph 5 of the Schultz Declaration. If so, state such standards and/or methods.

**Response to Interrogatory No. 5:**

The Government of Cambodia has not articulated or communicated to ICE the standards and/or methods referenced in Paragraph No. 5.

**INTERROGATORY NO. 6**

4

For each of the following factors, state whether it is Your experience that this factor has, since 2002, influenced the likelihood of removal to Cambodia, and, if so, state the nature of that influence: 1) criminal history; 2) birth outside of Cambodia; 3) length of residence in the United States; 4) lack of prior residences in Cambodia; 5) lack of family members in Cambodia; 6) mental health; 7) physical health.

**Objection to Interrogatory No. 6:**

Defendants object to Interrogatory No. 6 as beyond the temporal scope of Petitioner's First Set of Interrogatories as limited by the Court's January 22, 2018 Order. While the Court indicated in its Order that ICE's rationale for previous decisions to detain and release the Petitioner was relevant, the Court explicitly decided that the Petitioner's First Set of Interrogatories are "limited in time from the date of the detention that led to this Petition to the present." The date of detention that led to the Petition in this case is February 6, 2017. Therefore, Defendants object to any inquiry that requires an answer relating to events or decisions prior to February 6, 2017.

Furthermore, Defendants object to Interrogatory No. 6 on the basis of Law Enforcement Privilege to the extent that the Interrogatory seeks information concerning how certain factors influence the likelihood of removal. However, with respect to criminal history that is a matter of public record, when ICE executes an individual's removal order, ICE provides the foreign government with public records concerning the individual's criminal conviction that led to his or her removal, if applicable.

**INTERROGATORY NO. 7**

State whether the Government of Cambodia has communicated to You or to any representative of the United States government any preferred or disfavored characteristics of

Cambodian nationals to be repatriated, including but not limited to the characteristics described in Interrogatory No. 6. If so, state such characteristics.

**Objection to Interrogatory No. 7:**

Defendants object to Interrogatory No. 7 on the basis of Law Enforcement Privilege to the extent that the Interrogatory seeks information concerning preferred or disfavored characteristics of Cambodian nationals to be repatriated. Answering Interrogatory No. 7 would reveal techniques and procedures ICE uses to effectuate removals to Cambodia.

**INTERROGATORY NO. 8**

State whether any nationality verification interviews to be conducted by the Government of Cambodia of persons residing in the United States are currently scheduled, and, if so, state the dates on which they are scheduled, including any tentative dates or time periods.

**Response to Interrogatory No. 8:**

Currently, there are no nationality verification interviews scheduled. However, ICE is working to schedule the next round of interviews.

**INTERROGATORY NO. 9**

State the number of persons for whom the Government of Cambodia issued travel documents following any interviews described in Interrogatory 1, and the period of time elapsed between the date of interview and date that the travel documents were provided.

**Objection to Interrogatory No. 9:**

Defendants object to Interrogatory No. 9 as beyond the temporal scope of Petitioner's First Set of Interrogatories as limited by the Court's January 22, 2018 Order. While the Court indicated in its Order that ICE's rationale for previous decisions to detain and release the Petitioner was relevant, the Court explicitly decided that the Petitioner's First Set of Interrogatories are "limited

in time from the date of the detention that led to this Petition to the present." The date of detention

that led to the Petition in this case is February 6, 2017. Therefore, Defendants object to any inquiry

that requires an answer relating to events or decisions prior to February 6, 2017.

**Response to Interrogatory No. 9:**

Notwithstanding the court-ordered limitation of the scope of Petitioner's First Set of

Interrogatories, the Government of Cambodia did not conduct any nationality verification

interviews in 2013, and therefore did not issue any travel documents as a result. ICE does not have

sufficiently accurate data for the interviews that occurred in 2014 and 2015. However, following

the September 19-23, 2016 interviews, the Government of Cambodia issued 34 individuals travel

documents in February 2017. Additionally, following the October 31 to November 10, 2017

interviews, the Government of Cambodia issued 72 travel documents in December 2017. On

February 9, 2018, the Government of Cambodia informed ICE that they would issue an additional

19 travel documents from the latest round of interviews.

**INTERROGATORY NO. 10**

State the number of Cambodia nationals subject to final orders of removal.

**Response to Interrogatory No. 10:**

As of January 27, 2018, there were 1,943 Cambodian nationals subject to a final orders of

removal.

**INTERROGATORY NO. 11**

State the number of Cambodian nationals who "fall[] within the parameters of those

eligible for removal under current [Memorandum of Understanding between the United States and

Cambodia]" referenced in Paragraph 8 of the Schultz Declaration.

**Response to Interrogatory No. 11:**

7

Unknown. ICE does not maintain data reflecting the information requested in Interrogatory No. 11.

## INTERROGATORY NO. 12

State with specificity the basis for John A. Schultz Jr.'s "opinion that [Petitioner] Lunn's removal is significantly likely in the reasonably foreseeable future," as he declared in Paragraph 11 of the Schultz Declaration.

### Response to Interrogatory No. 12:

At the time of the declaration, this assertion was based on a variety of considerations, including the fact that in October 2017 Cambodia was conducting nationality verification interviews. If released subsequent to his most recent criminal arrest, ICE had intended to include Petitioner on the list of persons to receive a nationality verification interview with the Government of Cambodia in October 2017.

## INTERROGATORY NO. 13

For each date that Petitioner was released from U.S. Immigration and Customs Enforcement Agency ("ICE") custody, state whether Petitioner's release was governed by 8 C.F.R. § 241.4 or 8 C.F.R. § 241.13. For each detention of Petitioner by ICE subsequent to issuance of Petitioner's final order of removal, state the regulatory basis for the detention.

### Objection to Interrogatory No. 13:

Defendants object to Interrogatory No. 13 as beyond the temporal scope of Petitioner's First Set of Interrogatories as limited by the Court's January 22, 2018 Order. While the Court indicated in its Order that ICE's rationale for previous decisions to detain and release the Petitioner was relevant, the Court explicitly decided that the Petitioner's First Set of Interrogatories are "limited in time from the date of the detention that led to this Petition to the present." The date of

detention that led to the Petition in this case is February 6, 2017. Therefore, Defendants object to any inquiry that requires an answer relating to events or decisions prior to February 6, 2017.

**Response to Interrogatory No. 13:**

Notwithstanding the court-ordered limitation of the scope of Petitioner's First Set of Interrogatories, Petitioner was released on October 16, 2008; February 22, 2010; and May 24, 2017. The detention and release of an alien who violates the conditions of an Order of Supervision is governed by both 8 C.F.R. §§ 241.4 and 241.13. These two statutory provisions must be read in conjunction because of the manner in which they cross-reference each other.

**INTERROGATORY NO. 14**

State whether it is policy or practice of ICE to redetain individuals who violate conditions of an Order of Supervision, regardless of likelihood of removal.

**Response to Interrogatory No. 14:**

Pursuant to the relevant regulations, ICE may redetain an alien for violation of the conditions of an Order of Supervision in order to effectuate the conditions of release. ICE may also redetain an alien who violates the conditions of an Order of Supervision in order to effectuate removal.

**INTERROGATORY NO. 15**

State whether, when an individual with a final order of removal is in ICE custody—whether following a violation of the conditions of release or otherwise—and a determination is made that this removal is not significantly likely to occur in the reasonably foreseeable future, the individual is entitled to immediate release. If not, state the basis for this contention.

**Objection to Interrogatory No. 15:**

9

Defendants object to Interrogatory No. 15 because it requests a legal conclusion.

**INTERROGATORY NO. 16**

State whether You have produced all non-privileged documents responsive to the informal requests for production issued to You by Petitioner of July 28, 2017.

**Response to Interrogatory No. 16:**

Upon further review, Respondents provide with their Response to Petitioner Sreynuon Lunn's First Set of Interrogatories two additional documents that are responsive to the July 28, 2017 informal request for production issued by Petitioner. Bates Nos. 230-31. With the addition of these documents, Respondents have produced all non-privileged documents responsive to the informal request of July 28, 2017.

## VERIFICATION

I, John A. Schultz, Jr., declare, under penalty of perjury:

I am employed by ICE as the Office of Enforcement and Removal Operations Deputy Assistant Director, Removal Management Division – East.   As such, I am authorized to make this verification on behalf of ICE in this matter, for the responses to Interrogatories one through sixteen.

I have read and know the contents of these responses.   These responses were prepared after obtaining information available to ICE through its officers and employees and through its document and records.   These responses, subject to inadvertent and undiscovered errors, are based upon, and necessarily limited by, the records and information still in existence, able to be located, presently recollected, and thus far discovered in the course of preparing these responses. The responses regarding ICE are true and correct to the best of my knowledge, information, and belief.

10

Dated at Washington D.C., this   21st day of February, 2018.

_____
John A. Schultz, Jr.

Dated: February 21, 2018                                  Respectfully submitted,


CHAD A. READLER
Acting Assistant Attorney General
Civil Division, U.S. Dep't of Justice

WILLIAM C. PEACHEY
Director
Office of Immigration Litigation (OIL)

KATHLEEN A. CONNOLLY
Senior Litigation Counsel


By:    */s/ Lindsay M. Vick*_____
LINDSAY M. VICK
MA Bar# 685569
Trial Attorney
Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868
Washington, DC 20044
Tel: (202) 532-4023
Email: Lindsay.vick2@usdoj.gov

**Attorneys for Respondents**

## CERTIFICATE OF MAILING

I hereby certify that on February 21, 2018, I served a copy of the foregoing upon the

persons listed below via email:

> Christopher Boots
> Ropes & Gray
> Christopher.boots@ropesgray.com
>
> Jennifer Walker
> Ropes & Gray
> Jennifer.walker@ropesgray.com
>
> Adriana Lafaille
> American Civil Liberties Union
> Alafaille@aclum.org
>
> Laura Murray-Tjan
> Federal Immigration Appeals Project
> Laura@fiapboston.com

> /s/ *Lindsay M. Vick*
> LINDSAY M. VICK
> Trial Attorney
> Office of Immigration Litigation