UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

|  |  |  |
|---|---|---|
| SREYNUON LUNN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | C.A. No. 1:17-cv-10938-IT |
| v. | ) | |
| | ) | |
| YOLANDA SMITH, Superintendent of Suffolk, | ) | |
| County House of Correction, et al., | ) | |
| | ) | |
| Respondents. | ) | |

_____

**RESPONDENTS' MEMORANDUM IN SUPPORT OF OPPOSITION TO
PETITIONER'S MOTION TO DEPOSE ICE OFFICERS INVOLVED IN
PETITIONER'S RELEASE FROM DETENTION**

Respondents hereby submit this memorandum in support of their opposition to

Petitioner's Motion to Depose Respondent ICE Officers, ECF No. 100. Petitioner specifically

moves to depose the former Boston ICE Field Office Director and the Assistant Boston ICE

Field Office Director relating to Petitioner's release from detention on May 25, 2017, and

whether 8 C.F.R. §§ 241.4 or 241.13 governed that release.

**I.      Petitioner Cannot Demonstrate Excusable Neglect Nor Good Cause to Amend the
Case Schedule**

Petitioner contends that Respondent ICE failed to provide an adequate answer to

Interrogatory No. 13 and that good cause exists to amend the case schedule after the discovery

deadline in this case expired, because Petitioner had neither reason nor opportunity to make the

request until receiving Respondent ICE's response to Interrogatory No. 13. ECF No. 100 at 8.

Petitioner also contends, without support, that Respondent ICE will not be unduly prejudiced by

the amended case schedule.

Generally, a party seeking to modify or extend discovery deadlines must show good cause for the extension. Fed. R. Civ. P. 16(b)(4); L.R. 16.1(g). Courts measure good cause in large part by the moving party's diligence or lack thereof in seeking modification, as well as by any prejudice to the non-moving party. *See Miceli v. JetBlue Airways Corp.*, 914 F.3d 73, 86 (1st Cir. 2019). However, where the deadline a party seeks to extend has already expired, more is required, and the moving party must show that his or her failure to request an extension in a timely manner constitutes excusable neglect. *See Rivera-Almodovar v. Instituto Socioeconomico Comunitario, Inc.*, 730 F.3d 23, 26 (1st Cir. 2013); Fed. R. Civ. P. 6(b)(1); *see also Annobil v. Worcester Skilled Care Ctr.,Inc.*, No. 11-40131-TSH, 2014 WL 4657295, at *2 (D. Mass. Sept. 10, 2014). Determining the existence of excusable neglect takes into account the totality of the circumstances. *See Rivera-Almodovar*, 730 F.3d at 27. Excusable neglect encompasses "'inadvertence, mistake, or carelessness, as well as . . . intervening circumstances beyond the party's control.'" *Id.* at 26-27 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993)). With respect to discovery deadlines in particular, "litigants are entitled to a reasonable period of time within which to conduct discovery, not a limitless period." *Vineberg v. Bissonnette*, 548 F.3d 50, 55 (1st Cir. 2008).

Petitioner had every opportunity throughout the course of this litigation to seek leave of the Court under Rule 6 of the Rules Governing Section 2254 Cases to notice depositions of Respondents. The parties jointly filed a case schedule on October 18, 2017, in which they stipulated to a two-month fact discovery period with a discovery cutoff of December 15, 2017, which the Court adopted. ECF Nos. 58, Joint Submission of Case Schedule; ECF. No. 60, Electronic Order. Thereafter, Petitioner filed an Assented-To Motion to Amend the Case Schedule on January 9, 2018, due to Respondents' pending motion to quash discovery, and the

Court also adopted that amended case schedule. ECF. No. 76, Assented-To Motion to Amend the Case Schedule; ECF. No. 77, Electronic Order. Once Respondents served their initial responses to Petitioner's First Set of Interrogatories on February 21, 2018, the parties met and conferred via phone and email concerning Respondents supplementing their interrogatory responses and Petitioner filing another Assented-To Motion to Amend Case Schedule on March 5, 2018. ECF Nos. 81, Assented-To Motion to Amend Case Schedule; ECF No. 82, Electronic Order; Declaration of Lindsay M. Vick, ¶¶ 3-5, Exs. A, B. Petitioner even represented to the Court in the March 5, 2018 Assented-To Motion that "[t]here are currently no other pending discovery requests" intimating that discovery would soon end. ECF No. 81. In Petitioner's third Assented-To Motion to Amend Case Schedule, filed on March 30, 2018, several weeks after Respondents served their First Supplemental Response to the First Set Interrogatories, Petitioner requested to amend the case schedule to ensure resolution of the parties' "discovery dispute" implying that only one dispute existed and would be quickly resolved prior to summary judgment. ECF. 87, Assented-To Motion to Amend Case Schedule; ECF No. 88, Electronic Order. Despite having the opportunity to seek leave to conduct depositions during February and March of 2018, at no point during the parties' discussions concerning the motions to amend the case schedule did Petitioner's counsel ever raise the issue with Respondents' counsel or the Court.

By the time Petitioner received Respondents' initial interrogatory responses on February 21, 2018, Petitioner knew that the close of discovery was fast approaching and that he was unsatisfied with Respondents' initial responses. Nothing precluded Petitioner from seeking leave of the Court to conduct depositions while simultaneously challenging Respondents' interrogatory responses. *See* Fed. R. Civ. P. 26(d)(3)(A) ("[M]ethods of discovery may be used in any sequence[.]"). By the time Petitioner received Respondents' first supplemental responses on

March 5, 2018, Petitioner again knew that the close of discovery was fast approaching and that he was unsatisfied with the responses. At any point between October 2017, when the parties negotiated the joint case schedule, and when Petitioner received Respondents' First Supplemental Responses to Interrogatories in March 2018—a period of six months—Petitioner could have discussed deposing Respondents and filing a motion to seek leave of the Court to conduct depositions under Rule 6 of the Rules Governing Section 2254 Cases. Petitioner's counsel could have reached out to Respondents' counsel to discuss working depositions into the discovery schedule, but Petitioner's counsel never did this.

Moreover, Respondents provided Petitioner with the very documents that he now attaches to his Motion during an informal discovery period during which Respondents turned over numerous documents in an effort to quickly and efficiently resolve this litigation. Vick Decl. ¶ 6; *see* ECF No. 101-5, Ex. E; ECF No. 101-6, Ex. F. This means that Petitioner had emails and other documents provided by Respondents well in advance of receiving Respondents' interrogatory responses and should have been able to consider those responses in light of the documents more than a year ago. Petitioner does not explain in his Motion why he needed to wait to receive second, third, and fourth supplemental responses to interrogatories before considering whether to depose Respondents. *See* ECF No. 101, Declaration of Lindsey L. Sullivan ¶¶ 3-6; Fed. R. Civ. P. 26(d)(3).

Petitioner's failure to pursue depositions during the discovery period that was extended on Petitioner's own motion three times cannot be viewed as a circumstance beyond his control, nor as inadvertence or mistake, resulting in excusable neglect. *See Rivera-Almodovar*, 730 F.3d at 27-28. Both parties have already benefited from a reasonable discovery period that closed over one year ago, and Petitioner is not entitled to limitless discovery because he has changed his

strategy, delayed in reviewing documents he has possessed for more than eighteen months, and obtained new counsel of record. *See Vineberg*, 548 F.3d at 55. Considering the totality of the circumstances, this is not an example of neglect that the Court should excuse. *See Rivera-Almodovar*, 730 F.3d at 27 (discovery extension denied where plaintiff waited a year to request documents and did not follow up on request until the end of the already extended discovery period). Accordingly, Petitioner has not demonstrated that his Motion to Depose filed after expiration of the discovery period is justified on the basis of excusable neglect.

Furthermore, even if the Court considers Petitioner's Motion under the less stringent "good cause" standard, Petitioner neglected to pursue depositions, or even raise the issue of seeking leave to conduct depositions, during the nearly six-month formal discovery period, which demonstrates a lack of diligence, and therefore a failure to demonstrate good cause. *See Vineberg*, 548 F.3d at 55 (affirming denial of motion to reopen discovery filed after Respondent retained new counsel and the discovery period had been closed for five weeks after three prior extensions); *United States v. Sayers*, 450 F.3d 82, 89-90 (1st Cir. 2006) (affirming denial of motion to reopen discovery where motion was filed once Respondents obtained counsel after the discovery period closed one month earlier); *Miceli*, 914 F.3d at 86-87 (affirming denial of motion to amend complaint filed approximately twelve months after commencement of the case and five months after Rule 16(b) deadline to amend had expired).

Notably, between the filing of Petitioner's Motion to Compel Answers to Petitioner's First Set of Interrogatories in March 2018 and the Court's Order on that Motion almost a year later in February 2019, all of the counsel of record from lead counsels' law firm, Ropes and Gray, were no longer employed with the firm nor associated with this case. Therefore, it appears that the real reason Petitioner requests amendment to the case schedule is that the new lead

attorneys on this case disagree with prior counsels' decision not to conduct depositions. The fact that Petitioner now has new counsel with a different litigation strategy is not a legitimate basis upon which to seek amendment to the case schedule. *See Vineberg*, 548 F.3d at 55 (finding that obtaining a new attorney does not generally compel or favor reopening a closed discovery period); *Sayers*, 450 F.3d at 88-90 (affirming denial of motion to reopen discovery that was filed after formerly unrepresented Respondents obtained counsel).

Petitioner cites *Hutchins v. Cardiac Sci., Inc.* as supporting his claim that good cause grounds his Motion to Depose after the expiration of the discovery cutoff in this case, but that case is inapposite. *See* 491 F. Supp. 2d 136, 141 (D. Mass. 2007). In *Hutchins*, the defendant deliberately concealed and misrepresented information, and the plaintiff made an untimely motion to compel documents concerning the concealed and misrepresented information. *Id.* at 141. The court found that denying plaintiff's motion to compel would reward defendant for its bad behavior in concealing and misrepresenting information; thus, the court found good cause for the untimely request. *Id.* That is not the situation in this case. Petitioner states as the basis for his request that Respondents have failed to respond adequately to interrogatories, and they cite certain documents propounded by Respondents during the informal discovery period as contradicting those responses. As previously noted, Petitioner has possessed the documents he cites as the basis for deposing the former Boston ICE Field Office Director and the Assistant Boston ICE Field Office Director for over a year and a half. Petitioner had every opportunity to view those documents in light of Respondents' responses to interrogatories while the discovery period was open prior to March 19, 2018. *See* ECF No. 87. Respondents have not concealed or misrepresented any information with respect to discovery in this case, and instead even engaged in an informal discovery process in an effort to be forthcoming and provide Petitioner with any

documents he may have needed to resolve his claims. Respondents have made good faith efforts to fully and accurately respond to Petitioner's interrogatory requests.

In addition, Petitioner contends without support that amending the case schedule will not unduly prejudice Respondent ICE. Petitioner claims "ICE has needlessly fought Mr. Lunn's interrogatories at every opportunity, and already required this Court to intervene twice." ECF No. 100 at 9, Mem. In Supp. Pet'r's Mot. to Depose. This is a mischaracterization of Respondents' efforts to resolve the very limited factual issues in this case. "As a courtesy and in the interests of promoting the efficient progress of this case," ECF No. 56 at 2, Status Report, Respondents provided Petitioner with the documents he attached to his Motion during an informal discovery period aimed at quickly and efficiently resolving this litigation. *See* ECF No. 101-5, Ex. E; ECF No. 101-6, Ex. F. As demonstrated by the Status Report filed at ECF No. 56, the parties engaged in informal discovery beginning in August 2017, and during this period Respondents provided Petitioner with approximately 231 pages of documents, including emails between immigration officers involved in Petitioner's 2017 detention and release. Vick Decl. ¶ 6. Petitioners have had these emails for over one and a half years, and only now do they come before the Court and ask for depositions of the officers involved in those email chains. To allow Petitioner to delay this habeas case that commenced almost two years ago to depose two officers unduly prejudices Respondents in that the litigation continues to tie up agency resources despite the fact that the agency has made good faith efforts to respond to discovery requests. *See* ECF Nos. 101-1, Ex. A; ECF No. 101-2, Ex. B; ECF No. 101-3, Ex. C; ECF No. 101-4, Ex. D.

Furthermore, amending the case schedule unduly prejudices Respondent ICE because they will have to pull the former Boston ICE Field Office Director and the Assistant Boston ICE Field Office Director away from their full time, mission-related positions to participate in two

days of depositions more than one year after the discovery period expired. Respondent ICE has already made numerous good faith efforts to answer factually a question that is ultimately a legal decision that was not made at the time of Petitioner's release on May 25, 2017. *See* ECF No. 101-4, Ex. D at 5 (Respondent's Fourth Supplemental Response to Petitioner's First Set of Interrogatories). When the former Boston ICE Field Office Director released Petitioner, he did not document on the May 24, 2017 Release Notification, or anywhere else, whether his decision was under 8 C.F.R. §§ 241.4 or 241.13. *See* ECF No. 101-7, Ex. G (Petitioner's Release Notification, dated May 24, 2017). While emails in the record reflect some deliberation by non-attorneys over whether 8 C.F.R. § 241.13 applied to Petitioner's release, there is no documentation that reflects whether Respondent ICE ultimately released Petitioner under 8 C.F.R. §§ 241.4 or 241.13. *See* ECF No. 101-5, Ex. E at 2. Allowing Petitioner to depose the former Boston ICE Field Office Director and the Assistant Boston ICE Field Office Director on this single issue more than one year after discovery closed and almost two years since Petitioner was released—and after the parties have already spent months conducting discovery—is unduly burdensome and disproportionate to the needs of this case. *See Miceli*, 914 F.3d at 86; Fed. R. Civ. P. 25(b)(1). The totality of the circumstances reflects neglect on Petitioner's part in attempting to conduct discovery that should have been completed one year ago, and the circumstances also demonstrate Petitioner's lack of diligence. *See Miceli*, 914 F.3d at 86; *Rivera-Almodovar*, 730 F.3d at 27. Accordingly, the Court should not reward Petitioner's inexcusable delay and should deny Petitioner's Motion to Depose Respondent ICE Officers.

## II.     Good Cause for Depositions Under Rule 6 Does Not Exist

Petitioner contends that good cause exists pursuant to *Bracy v. Gramley*, 520 U.S. 899 (1997), such that the Court should grant his untimely request to depose the Respondent ICE

Officers involved in his May 2017 release from ICE detention. "'[W]here specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry.'" *Id.* at 908-09 (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969) (alteration in original)).

Leaving aside the overarching issue that Petitioner's request to reopen discovery to conduct depositions is untimely and unjustified, Petitioner fails to demonstrate that good cause exists for his Motion to Depose under Rule 6 of the Rules Governing Section 2254 Cases. Indeed, the Court denied Respondents' motion to quash with respect to Petitioner's interrogatories and found that good cause existed for those interrogatories. *See* ECF No. 79, Order Denying Motion to Quash. After the Court issued that Order, Respondents provided Petitioner with an initial response to the interrogatories followed by four supplemental responses. *See* ECF Nos. 101-1, Ex. A; ECF No. 101-2, Ex. B; ECF No. 101-3, Ex. C; ECF No. 101-4, Ex. D. The parties also previously engaged in an informal discovery period in which Respondents provided Petitioner with approximately 231 pages of documents, including emails between immigration officers regarding Petitioner's May 2017 release. Respondent ICE has made a good faith effort to respond completely and meaningfully to Petitioner's interrogatories, and particularly to Interrogatory No. 13, which is the subject of this Motion.

One of Petitioner's primary claims in this case is that Respondents may not redetain him unless removal is reasonably foreseeable or he is being prosecuted criminally for a violation of conditions. *See* ECF No. 29 at 14-15. The facts concerning the issue of whether Petitioner's removal was reasonably foreseeable or not during his most recent period of detention have been fully developed by way of Respondents' responses to Petitioner's interrogatories and the

documents Respondents previously provided to Petitioner. *See Bracy*, 520 U.S. at 908-09. The question specific to Interrogatory No. 13 concerning which regulation, 8 C.F.R §§ 241.4 or 241.13, governed Petitioner's most recent *release* from detention is largely a legal question for which Respondents have tried to provide as much of a factual response as possible. Ultimately, however, the issue of which regulation governs release from detention under circumstances similar to Petitioner's, and questions related to under what circumstances ICE is permitted to redetain someone for removal, are legal questions that should be, and are ready to be, addressed at summary judgment.

Depositions of the former Boston ICE Field Office Director and the Assistant Boston ICE Field Office Director are not likely to lead Petitioner to the answer he seeks. *See Sayer*, 450 F.3d at 90 (affirming denial of motion to reopen discovery where further discovery was not "likely to lead anywhere productive"). Petitioner claims that deposing these particular individuals about their "recollections and beliefs concerning Petitioner's releases from immigration custody" is the only way he can determine which regulation authorizes his re-detention. ECF No. 100 at 6. However, in practice, generally Respondents made no reference to the particular governing regulation with respect to an individual's release and made little reference to the particular governing regulation with respect to an individual's detention. *See* ECF No. 101-4, Ex. D at 4-5 (explaining that all three of Petitioner's Release Notices and Orders of Supervision did not cite any particular regulation, and that one of Petitioner's two Notices of Revocation of Release cited 8 C.F.R. § 241.4 as the basis for his detention). This is because field officers, like the former Boston ICE Field Office Director and the Assistant Boston ICE Field Office Director, did not generally make legal determinations as part of their duties.

As Respondents noted in prior responses to Interrogatory No. 13, 8 C.F.R §§ 241.4 and 241.13 cross-reference each other and therefore must be read in conjunction. *See* ECF No. 101-2, Ex. B; ECF No. 101-3, Ex. C. For Petitioner's release in this case, the ICE officers did not determine under which regulation he was being released. For Respondents to go back now and decide which regulation formed the basis for a prior decision to release, where there is no documentation of that final decision beyond the Release Notice, would require a retroactive legal conclusion that Respondents cannot make. *See* ECF No. 101-4, Ex. D at 4-5. Petitioner argues that "the subjective opinions of [ICE] officers were relevant" to the determination of whether 8 C.F.R §§ 241.4 or 241.13 governed Petitioner's prior releases, because in Respondents' Fourth Supplemental Response to Interrogatory No. 13, Respondents said that the determination of which regulation governed Petitioner's May 2017 release "would be a retroactive legal conclusion not necessarily accurate, or even made by the ICE officer, as to the basis for Petitioner's release at the time." ECF No. 100 at 7 (citing 101-4, Ex. D at 5). Respondents struggle to understand how the phrase emphasized by Petitioner "or even made by the ICE officer" means that the "subjective opinions" of non-attorney ICE officers are relevant to this issue. ECF No. 100 at 7. Rather, as Respondents articulated in their interrogatory response, to go back now and try to articulate a legal conclusion that was not made by the ICE officer at the time (as evidenced by the fact that the release notification has no indication of which regulation applies) would be a fiction solely in an attempt to provide an interrogatory answer that Petitioner deems "adequate." Further fact discovery concerning the determination of whether 8 C.F.R §§ 241.4 or 241.13 governed Petitioner's releases is not likely to develop the factual record any more fully for purposes of Petitioner's claims for relief. *See Bracy*, 520 U.S. at 908-09. Accordingly, Petitioner has not demonstrated that good cause exists to reopen discovery to

conduct depositions, and therefore the Court should deny Petitioner's Motion to Depose Respondent ICE Officers.

## III.   Conclusion

Petitioner ask this Court to reopen a discovery period that closed more than one year ago after three extensions requested by Petitioner. There is no reason why Petitioner could not have sought leave to depose Respondents when discovery was open, especially because Petitioner bases much of his argument on documents he has had in his possession for over eighteen months; therefore, Petitioner has not demonstrated that his negligence in failing to seek leave to conduct depositions before the close of discovery was excusable. He has also not demonstrated that good cause exists to grant his request to reopen discovery and depose Respondent ICE Officers under Rule 6 of the Rules Governing Section 2254 Cases or the Federal Rules of Civil Procedure.

For the foregoing reasons, Respondents respectfully request that this Court deny Petitioner's Motion to Depose Respondent ICE Officers.

Dated: April 19, 2019

JOSEPH H. HUNT
Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director

KATHLEEN A. CONNOLLY
Senior Litigation Counsel

Respectfully submitted,

By: /s/ *Lindsay M. Vick*
LINDSAY M. VICK
MA Bar 685569
Trial Attorney
Department of Justice,
Civil Division
Office of Immigration Litigation (OIL)
District Court Section
P.O. Box 868
Washington, DC 20044
Tel: (202) 532-4023
Fax: (202) 307-8781
Email: Lindsay.vick@usdoj.gov

**Attorneys for Respondent**

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above Opposition to Petitioner's Motion to Depose Respondent ICE Officers was served upon the attorney of record for each other party on April 19, 2019, through the CM/ECF for the District of Massachusetts. All parties are registered CM/ECF participants and were served electronically, as identified on the Notice of Electronic Filing (NEF).

/s/ Lindsay M. Vick
Lindsay M. Vick
Trial Attorney

Date:   April 19, 2019