UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SREYNUON LUNN, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Civil Action No. 17-cv-10938-IT |
| | * | |
| YOLANDA SMITH, et al., | * | |
| | * | |
| Respondent. | * | |

MEMORANDUM & ORDER

February 26, 2020

TALWANI, D.J.

Before the court is Petitioner Sreynuon Lunn's Motion to Depose ICE Officers Involved in Petitioner's Release from Detention ("Motion to Depose ICE Officers") [#99]. For the following reasons, Petitioner's motion is DENIED.

I. Background

The background regarding Petitioner's immigration status and the current litigation are set forth in a previous Memorandum & Order regarding this discovery dispute. Mem. & Order [#93].

The discovery dispute concerns Petitioner's efforts to have Immigration and Customs Enforcement ("ICE") identify the legal basis for his May 25, 2017, release from custody. Petitioner sought this information in Interrogatory No. 13, which asks:

> For each date that Petitioner was released from U.S. Immigration and Customs Enforcement Agency ("ICE") custody, state whether Petitioner's release was governed by 8 C.F.R. § 241.4 or 8 C.F.R. § 241.13. For each detention of Petitioner by ICE subsequent to issuance of Petitioner's final order of removal, state the regulatory basis for the detention.

Pet'r's First Set of Interrogs. 5 [#71-1].

1

The question of whether Respondent must answer this question was first before the court on Respondent's <u>Motion to Quash Discovery</u> [#71]. The court denied that motion, finding that "information regarding ICE's past detentions of Petitioner, and the policies and procedures that will impact intended future detention(s) of Petitioner" was "reasonably calculated to bear on Petitioner's entitlement to continuing release from ICE custody" because it "is relevant to whether the question before this court is capable of repetition but evades review." Mem. & Order 2-3 [#79]. The issue arose a second time following the parties' dispute about the sufficiency of Respondent's third supplemental response to Interrogatory No. 13, which stated: "Respondent DHS has no direct knowledge about whether Petitioner's detentions and releases were governed by 8 C.F.R. § 241.4 or 8 C.F.R. § 241.13."[1] Mem. in Supp. to Compel Answers to Interrog. 10 [#84]. Petitioner argued that ICE's answer was unresponsive and inconsistent with the plain language of the regulations. <u>Id.</u> Petitioner further argued, and ICE conceded, that while ICE may cross-reference both regulations when making a determination, the decision must ultimately "end with either regulation." Mem. & Order 11 [#93] (citing Resp't's Opp'n 10 [#89]). Respondent was ordered to "provide Petitioner information pertaining to which regulation, 8 C.F.R. § 241.4 or § 241.13, was last applied and ultimately led to Petitioner's release following each of Petitioner's immigration detentions." <u>Id.</u>

Shortly thereafter, ICE provided its fourth supplemental response to Interrogatory No. 13. ICE Fourth Suppl. Interrog. Response [#101-4]. For both Petitioner's 2008 and 2009 release, Respondent stated that "ICE Officers detaining and releasing Petitioner did not make a determination at the time about which regulation would apply." <u>Id.</u> at 4. For the 2017 detention and release, ICE stated that while the detention "was under 8 C.F.R. § 241.4 because the Notice of Revocation of Release cited that regulation as the basis for his detention," ICE "cannot

---

[1] ICE had already submitted a First and Second Supplemental Set of Interrogatory Responses to address objections lodged by Petitioner.

determine which regulation was the basis for his May 2017 release" because there was no record citing one regulation versus another. Id. Respondent's Opposition 11 [#102] to the pending motion went further to state that "ICE officers did not determine under which regulation he was being released." The court treats the statement from the opposition—that in May 2017 ICE officers did not determine under which regulation Lunn was being released—as an admission to that effect.[2]

II. Discussion

Petitioner now moves for leave to depose the ICE officers involved in his release. Mot. to Depose ICE Officers [#99]. Petitioner seeks "deponents' recollections and beliefs concerning Petitioner's releases from immigration custody, including the rules, regulations, and practices, if any, they believed governed Petitioner's May 25, 2017 release." Pet'r's Mem. 6 [#100]. Petitioner states that ICE's failure to satisfactorily answer Interrogatory No. 13 leaves depositions as "the only means by which Petitioner can determine which regulation purportedly provides the legal authority for Petitioner's re-detention." Pet'r's Mem. 6 [#100]. Respondent objects to any depositions, in part, on the basis that Petitioner is seeking information that would require the deponents to "go back now and decide which regulation formed the basis for a prior decision to release." Resp't's Opp'n. 11 [#102].[3]

The court agrees with Respondent that the depositions requested by Petitioner are not likely to bear fruit. Under the Rules Governing Section 2254 Cases 6(a), as interpreted by the Supreme Court, this court is obliged to provide the "necessary facilities and procedures for an

---

[2] Any objection to the court taking the statement from the Opposition [#102] as an admission shall be filed forthwith. In the event an objection is lodged, the court may reconsider this order.
[3] Respondent also objects to the motion on the basis that it is untimely under the current scheduling order. See Resp't's Opp'n 1-8 [#102]. Respondent states that petitioner "had every opportunity throughout the course of this litigation to seek leave" to conduct depositions. Id. at 2. However, the record shows that Petitioner moved for leave to depose the ICE officers just less than a month after ICE served its fourth, and final, supplemental Response to Petitioner's Interrogatories. Accordingly, the court finds Petitioner's request for depositions to be timely.

3

adequate inquiry" where there is a reason to believe that further factual development may provide an entitlement to relief. Bracy v. Gramley, 520 U.S. 899, 909 (1997). Indeed, the court has already recognized that Petitioner was entitled to discover "which regulation, 8 C.F.R. § 241.4 or § 241.13, was last applied and ultimately led to Petitioner's release following each of Petitioner's immigration detentions." Mem. & Order 11 [#93]. After several rounds of prodding, Petitioner has received his answer: ICE "did not determine under which regulation he was being released." Resp't's Opp'n 11 [#102]. This admission comports with the documentary evidence submitted by Respondent, which indicates that local ICE officers were scrambling to address Petitioner's case urgently "due to the habeas" proceeding in this court. Emails from ICE Assistant Field Office Director, dated May 24, 2017 2 [#101-5].

It is not apparent to the court how further depositions may prove useful in light of ICE's admission that it did not release Petitioner pursuant to one regulation or the other. At best, the deponents can be asked to look back and consider what regulation should have been considered and applied. But for this information to be relevant, the court would also have to conclude that the ICE officers' present impressions of the appropriate regulation for release are controlling upon either ICE or the court. Petitioner provided no support for this proposition and the court cannot discern one. Accordingly, the court finds that there is no good cause to order the depositions requested by Petitioner.

III. Conclusion

In light of Respondent's admission that ICE did not determine under which regulation Lunn was being released in 2008, 2009, or 2017, the court DENIES Petitioner's Motion to Depose ICE Officers [#99].

IT IS SO ORDERED.

February 26, 2020 /s/ Indira Talwani
United States District Judge