IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SREYNUON LUNN,<br><br>　Petitioner,<br><br>v.<br><br>YOLANDA SMITH, Superintendent of Suffolk Country House of Correction, et al.,<br><br>　Respondents. | Civil No. 17-cv-10938-IT<br><br><br>Judge Indira Talwani |

## JOINT STATUS REPORT

The undersigned attorneys of record hereby submit this joint status report in accordance with the Court's order issued November 18, 2025. *See* ECF No. 225. In support of this joint status report, the parties state as follows:

　　1.　　On September 8, 2025, the Court instructed the parties to file a joint status report by November 4, 2025 in light of the joint status report filed by the parties on September 5, 2025, which explained that the parties were still engaging in further settlement discussions. *See* ECF No. 221; ECF No. 222.

　　2.　　On October 17, 2025, Respondents' filed a motion to stay the proceedings in light of the lapsing of appropriations being used to fund the U.S. Department of Justice ("DOJ"), which resulted in DOJ attorneys being prohibited from working except in very limited circumstances. *See* ECF No. 223. The requested stay was granted by the Court on October 20, 2025. *See* ECF No. 224.

3. On November 18, 2025, following the resumption of appropriations to DOJ, the Court lifted the stay of the deadline to file the status report, which was adjusted to December 12, 2025. *See* ECF No. 225.

4. As a reminder, the parties originally came to an agreement in principle on the key terms for a settlement agreement that would resolve this matter on February 1, 2024. Such an agreement required DOJ leadership to review and provide a final determination on the settlement agreement.

5. On February 23, 2024, the parties preliminarily agreed to the terms of a formal written settlement agreement that was then submitted to DOJ leadership for final review and settlement authorization.

6. On October 10, 2024, counsel for Respondents informed counsel for Petitioner that DOJ leadership had completed its review of the proposed settlement agreement and provided counsel for Petitioner with proposed revised terms to the settlement agreement, which contained multiple changes to the previously agreed-upon terms.

7. Since October 10, 2024, the parties have engaged in ongoing settlement discussions. Petitioner's counsel provided Respondents' counsel with a counteroffer on November 27, 2024, and the parties met virtually in late December 2024 to discuss the details of Petitioner's counteroffer.

8. On March 12, 2025, Respondents' counsel provided Petitioner's counsel with a counterproposal.

9. On March 31, 2025, Petitioner's counsel provided Respondents' counsel with a counteroffer.

10. On July 1, 2025, Respondents' counsel provided Petitioner's counsel with a counterproposal.

11. On July 3, 2025, Petitioner's counsel asked Respondents' counsel to provide clarity on the contents of a document referenced in Respondents' proposal.

12. On August 7, 2025, Respondents provided Petitioner with a proposed copy of the document referenced in their proposal.

13. On September 11, 2025, the counsel for the parties met virtually to discuss Respondents' proposal.

14. On September 18, 2025, Petitioner's counsel provided Respondents' counsel with a series of questions regarding the terms of their most recent proposal.

15. On November 24, 2025, Respondents' counsel provided clarification on the answers to the questions raised by Petitioner's counsel.

16. On December 11, 2025, the parties' counsel met to discuss Respondent's current proposal and Petitioner's imminent counterproposal.

17. On December 12, Petitioner's counsel provided Respondents' counsel with a counterproposal.

18. The parties have not yet reached a revised agreement and respectfully request that the Court extend the stay and order a subsequent status report to be filed at least 60 days from the December 12, 2025 status report deadline, or by February 10, 2026, to allow time for counsels' discussion with their clients and discussions between the parties regarding the most recent offer.

DATED this 12th day of December, 2025.

*/s/ Andrew Cashmore*
Andrew Cashmore

Attorney for Petitioner

*/s/ Malcolm McDermond*
Malcolm McDermond
Trial Attorney
Attorney for Respondents

4

5

| | |
|---|---|
| Daniel V. McCaughey (BBO # 662037)<br>Andrew Cashmore (BBO #714079)<br>Ropes and Gray, LLP<br>800 Boylston Street<br>Boston, MA 02199<br>(617) 951-7000<br>daniel.mccaughey@ropesgray.com<br>Andrew.Cashmore@ropesgray.com | BRETT A. SHUMATE<br>Assistant Attorney General<br>United States Department of Justice<br><br>SAMUEL P. GO<br>Assistant Director<br><br>NICOLE P. GRANT<br>Senior Litigation Counsel |
| Stephanie A. Fagan (BBO #705329)<br>Ropes and Gray, LLP<br>2099 Pennsylvania Avenue, N.W.<br>Washington, DC 20006<br>(202) 508-4600<br>Stephanie.Fagan@ropesgray.com | MALCOLM MCDERMOND<br>NY Bar# 5780861<br>Trial Attorney<br>Department of Justice<br>Civil Division Office of Immigration Litigation |
| Laura Rótolo (BBO # 665247)<br>Adriana Lafaille (BBO # 680210)<br>American Civil Liberties Union Foundation of Massachusetts<br>211 Congress Street, Suite 301 Boston, MA 02110<br>(617) 482-3170<br>lrotolo@aclum.org<br>alafaille@aclum.org | P.O. Box 868 Washington, DC 20044<br>Tel: (202) 616-4883<br>Malcolm.I.McDermond@usdoj.gov<br><br>Attorneys for Respondents |
| Laura Murray-Tjan (BBO # 649609)<br>Federal Immigration Appeals Project, PLLC<br>499 Adams Street #272<br>Milton, MA 02186<br>(617) 580-1717<br>laura@fiapboston.com | |
| Attorneys for Petitioner Sreynuon Lunn | |